Alviso NEELY and Wife, Ima Jean Neely, Appellants,

v.

James Earnest SCHOOLER, Individually and As Independent Executor of the Estate of Clyde F. Butler, Deceased, Appellee.

No. 2–82–021–CV.

Court of Appeals of Texas, Fort Worth.

Nov. 24, 1982.

Rehearing Denied Dec. 23, 1982.

Orr & Orr and Joe L. Orr, Fort Worth, for appellants.

Rex McEntire, Fort Worth, for appellee.

Before MASSEY, C.J., and HUGHES and RICHARD L. BROWN, JJ.

OPINION

RICHARD L. BROWN, Justice.

Appellants, Alviso Neely and wife Ima Jean Neely, bring this appeal from a judgment in favor of appellee, James Earnest Schooler, individually and as Independent Executor of the Estate of Clyde F. Butler.

We affirm.

The facts, though rather simple, are lengthy and recitation of them is necessary to the understanding of the nature of the proceeding, the pleadings, including the relief sought, and the judgment below.

Appellants, Alviso Neely and his wife Ima Jean Neely, hereinafter referred to as "Neely", sued appellee, James Earnest Schooler, hereinafter referred to as "Schooler", individually and as the Independent Executor of the Estate of Clyde F. Butler, seeking to enforce a contract which was entered into by Neely, on the one hand, and Mr. Clyde F. Butler, and his wife Mrs. Fern K. Butler, on the other. The contract was bilateral, with Neely promising to make certain payments and repairs to maintain the homestead of the Butlers during their lifetime, in return for which the Butlers promised to convey their real property and household furnishings to Neely by will, effective upon their death.

In the event of any non-performance by Neely, the contract made provision for breach of contract-termination of the agreement by the Butlers, with costs of court and attorney's fees to be paid by Neely and forfeiture of Neelys' payments prior to time of breach (as liquidated damages).

The Butlers died without willing the property to Neely. Neely brought this action to require Schooler, in his capacity as the Executor of the Estate of Butler, and as sole beneficiary under the will of Mr. Butler, to make the specific performance required of the Butlers under the contract.

The first amended original petition of Neely contained the contract at issue; therein Neely stated under oath that he had performed fully as the contract required, and was entitled to specific performance of the contract by Schooler. Neely prayed that,

"[A] trust in invitum (constructive trust) is impressed upon said property in the possession of Defendant or Defendant's transferees ... and that Defendant deliver up forthwith all of said property of the late Mrs. Fern K. Butler and her late husband, Clyde F. Butler, ... in accordance with the terms and conditions of said Contract ... and for such other and further relief, at law or in equity, general or special, which the Court deems just and proper ..."

At trial, Neely presented the following evidence:

1) The contract;

2) Cancelled checks and check stubs showing Neelys' partial performance under said contract;

3) Schooler's Application for Probate of Will of Mr. Butler;

4) Schooler's Affidavit of Heirship, re: Mrs. Butler, showing she died without a will;

5) A warranty deed of the property in controversy from Schooler to a third party who was not named as a party to this lawsuit.

Schooler filed only a general denial and put on no defense or other evidence.

Schooler, at the conclusion of Neely's evidence, made motion for directed verdict on the grounds that "Plaintiff has failed to meet his burden of proof in showing strict compliance with the contract."

The trial court held that Neely failed to prove compliance with the terms of the contract, citing lack of any checks being offered to show payments during a 22-month period when payments were required to be made, and stating that Schooler had objected from the very beginning to any transactions with the decedents which would be oral, and finally concluding that the trial court had to grant Schooler's motion for directed verdict. Thereafter, the trial court signed its judgment herein on October 22, 1981, finding that defendant

presented his motion for directed verdict in favor of Schooler and against Neely and that Schooler's motion should be in all things granted, withdrawing the case from the jury and rendering judgment in favor of Schooler and against Neely and adjudging costs against Neely.

Appellants assert five points of error on appeal, as follows:

## POINT OF ERROR I.

The Trial Court erred in taking this case from the jury and directing verdict for Defendant when there was considerably more than a "scintilla" of evidence showing substantial performance of the subject contract by Plaintiffs.

## POINT OF ERROR II.

The Trial Court erred in placing on Plaintiffs an improper burden of proof of performance by them of the subject contract.

## POINT OF ERROR III.

The Trial Court erred in stating that Defendant had objected from the very beginning to any transactions with decedents (oral or otherwise).

## POINT OF ERROR IV.

The Trial Court erred in concluding that it "had to grant Defendant's Motion for Directed Verdict", when there was evidence of probative effect which should have been presented to the jury.

## POINT OF ERROR V.

The Trial Court erred in alluding to an indispensable party which is not a party to this lawsuit as preventing the Court from impressing a constructive trust on Defendant.

We need only to direct our attention to points of error numbers I. and V.

■ The major consideration stated in the contract between the Neelys and the Butlers required that the Neelys make cer-

tain payments on behalf of the Butlers. The record reveals that 144 of 200 payments required were paid by the Neelys. Schooler's general denial placed in issue the allegation of the Neelys that they have fully performed under their contract with the Butlers. *Whitten v. Alling & Cory Company,* 526 S.W.2d 245, 249 (Tex.Civ.App.—Tyler 1975, writ ref'd). With no evidence of certain payments strictly required of the Neelys under the terms of their contract with the Butlers, the trial court was justified in granting Schooler's motion for a directed verdict. (No relief other than that of specific performance was sought by the suit.)

■ Finally, the record before us reveals that the real property in controversy was deeded by Schooler to a third party who was not a party to the case before us.

Tex.R.Civ.P. 39(c) provides in part:

"(c) *Pleading Reasons for Nonjoinder.* A pleading asserting a claim for relief shall state the names, *if known* to the pleader, of any persons as described in subdivision (a)(1)–(2) hereof who are not joined, and the reasons why they are not joined." [Emphasis added.]

Appellants knew the names of persons claiming record title to land but failed to join them.

Although rule 39 now contemplates that indispensable parties are rather rare, the long standing rule in Texas, as cited in the 1981 Revised Edition of McDonald's Civil Practice, is that "[n]ormally, the parties to the contract will be the parties to an action for its specific enforcement, and all who have an interest in the contract or the land or whose interests may be affected are indispensable parties." *See* 1 R. McDonald, Texas Civil Practice § 3.28.4 ("Necessary and Indispensable Parties—Specific Performance") (1981 Rev.Ed.), citing *Banco Minero v. Ross,* 138 S.W. 224 (Tex.Civ.App. —San Antonio 1911), aff'd 106 Tex. 522, 172 S.W. 711 (1915).

Appellant's points of error I. and V. are overruled. We need not consider the rest of them. Nevertheless we have examined them and find each to be without merit.