HSBC BANK USA, N.A., as Indenture Trustee of the Fieldstone Mortgage Investment Trust, Series 2004–4 and Litton Loan Servicing, L.P., Appellants

v.

Jeanie WATSON, Tony Watson, and Matthew G. Aiken, Appellees.

No. 05–10–00676–CV.

Court of Appeals of Texas, Dallas.

June 15, 2012.

Rehearing Overruled July 27, 2012.

Sean Michael Reagan, Steven A. Leyh, Leyh & Payne, L.L.P., Houston, TX, Derrick Carson, Kirsten M. Castaneda, Locke Lord Bissell & Liddell LLP, Thomas G. Yoxall, Locke Liddell & Sapp LLP, Dallas, TX, for Appellant.

Jacob M. Gold, Gold Law Firm, Plano, TX, Jeffrey S. Davis, Law Offices of Jeffrey S. Davis, Cleburne, TX, for Appellees.

Before Justices BRIDGES, FITZGERALD, and LANG.

## OPINION

Opinion By Justice FITZGERALD.

Appellants filed this bill of review, seeking to set aside a default judgment that had allegedly voided property and contract rights owned by Fieldstone Mortgage. Appellants further alleged that they were the proper parties to sue for this relief by virtue of certain assignments by Fieldstone Mortgage. Appellees contested appellants' standing via pleas to the jurisdiction. The trial judge signed an order denying appellants' bill of review and subsequently made findings of fact and conclusions of law reciting that the pleas to the jurisdiction were sustained and the proceeding was dismissed. Appellants appealed. We affirm in part and reverse and remand in part.

## I. APPEAL BY LITTON LOAN SERVICING, L.P.

Appellant Litton Loan Servicing, L.P. voluntarily dismissed its appeal with respect to appellees Tony Watson and Jeanie Watson but not with respect to appellee Matthew Aiken. Litton did not file an appellant's brief, but appellees filed briefs. Accordingly, we will affirm the judgment as to Litton. *See* TEX.R.APP. P. 38.8(a)(3) (permitting court of appeals to affirm judgment based on appellee's brief when appellant fails to file a brief); *In re L.N.E.*, No. 05-07-01712-CV, 2009 WL 280472, at *3 (Tex.App.-Dallas Feb. 6, 2009, no pet.) (mem. op.) (applying Rule 38.8(a)(3)).

## II. BACKGROUND

The facts of the case are complex. In short, appellant HSBC Bank USA, N.A. alleges that it acquired a note and deed of trust relating to a certain piece of real property and that appellees claimed an interest in the same property when HSBC took steps to foreclose on the property. Because appellees relied in part on a default judgment to establish their title, HSBC filed this bill of review to set aside that default judgment.

### A. The underlying default judgment

Except as noted, the following facts are drawn from HSBC's live bill-of-review pleading, which was verified, and its responses to appellees' pleas to the jurisdiction. The default judgment under attack was rendered in a case styled *Jeanie Watson and Tony Watson v. First Source Real Estate Services & Property Management, Inc. and Tim Torlincasi dba Supreme Lending.* That case arose after the Watsons acquired a parcel of real property at 212 Castle Hill Drive in Burleson, Texas (the property) from underlying defendant First Source in July 2004. The Watsons borrowed the purchase money from Fieldstone Mortgage, which was the grantee in two deeds of trust on the property. In early 2005, the Watsons sued First Source and Tim Torlincasi in the underlying suit. The final judgment in that suit indicates that the Watsons sued First Source and Torlincasi for statutory fraud, violations of the Texas Deceptive Trade Practices Act, and declaratory judgment. Fieldstone was neither sued nor notified of the suit.

On July 1, 2005, the trial judge signed a default judgment that both awarded damages to the Watsons and voided their purchase of the property. The judgment voided all real estate closing documents relating to the Watsons' acquisition of the property, including First Source's warranty deed with vendor's lien and Fieldstone's two deeds of trust. Fieldstone, which had not been sued, did not file a motion for new trial or appeal from the default judgment. According to appellees, the default judgment had the effect of re-vesting the property in First Source, free and clear of the liens addressed by the default judgment.

### B. The competing claims to the property

HSBC further alleged the following facts in its verified bill of review. The Watsons executed on the default judgment against First Source, resulting in a constable's sale of the property in August 2006. An entity called Burleson Old Town, L.L.C. purportedly acquired an interest in the property at the constable's sale. Burleson Old Town conveyed its interest to Matthew and Tobyn Ribitzki in August 2007, but they conveyed that interest back to Burleson Old Town only a few weeks later. Then Burleson Old Town conveyed its interest to Aiken & Ribitzki Investments, L.L.C., which conveyed the interest to appellee Aiken in January 2008.

Meanwhile, HSBC alleged, it acquired the Watsons–Fieldstone note and deed of trust relating to the property in June 2007 by an assignment by Mortgage Electronic Registration Systems, Inc. as nominee for the lender and its successors and assigns. According to Aiken, HSBC took steps towards conducting a nonjudicial foreclosure sale of the property, causing Burleson Old Town to sue HSBC in Johnson County. Aiken asserts that he was later substituted for Burleson Old Town in that litigation.

### C. Procedural history of this case

HSBC, now ostensibly standing in the shoes of Fieldstone, filed this bill of review against the Watsons in April 2009. The Watsons answered. Aiken filed a petition in intervention in which he alleged that he and HSBC were already engaged in litigation in Johnson County over the issue of whether Aiken was a bona fide purchaser of the property.

Aiken then filed a plea to the jurisdiction in which he asserted that HSBC lacked standing to bring a bill of review. He also filed a motion to abate in which he argued that abatement was required because HSBC had not joined all necessary parties. Aiken asked the trial judge to abate the case and to dismiss it if HSBC

did not join all necessary parties within seven days. A few months later, the Watsons filed a plea to the jurisdiction that was similar to Aiken's. HSBC filed separate responses, with evidence attached, to the two jurisdictional pleas. HSBC also filed a response to Aiken's motion to abate. Aiken filed a reply with objections to HSBC's evidence, and HSBC filed a supplemental response to both jurisdictional pleas.

According to the district clerk's computer-generated "case summary" contained in the clerk's record, Aiken's plea to the jurisdiction and his motion to abate were set for hearing at the same time. The court conducted a nonevidentiary hearing that was devoted mostly to the question of jurisdiction, but the motion to abate was discussed briefly. The Watsons and Aiken then filed post-hearing letter briefs reiterating that the suit should be dismissed for lack of subject-matter jurisdiction and standing. Aiken also filed a supplemental reply with additional objections to HSBC's evidence. HSBC filed a supplemental response to the pleas to the jurisdiction.

On May 5, 2010, the trial judge signed an order entitled "Order Denying Bill of Review." Therein, the judge recited, "The Court, having read the pleadings and hearing argument of counsel, finds that the elements for Bill of Review have not been satisfied. Therefore, it is ORDERED, ADJUDGED and DECREED that the Bill of Review is hereby DENIED. All relief herein requested and not expressly granted is hereby DENIED." HSBC timely requested findings of fact and conclusions of law, filed a notice of past due findings of fact and conclusions of law, and timely filed a notice of appeal. On June 23, 2010, the trial judge signed findings of fact and conclusions of law in which his final conclusion of law was, "The pleas to the jurisdiction filed by the Watsons and Aiken are sustained and the bill of review proceeding is dismissed."

## III. ANALYSIS

### A. The nature of the trial court's judgment

■ We first clarify the nature of the trial court's judgment, because the trial judge's May 5, 2010 "Order Denying Bill of Review" is not consistent with his June 23, 2010 findings of fact and conclusions of law. In the May 5 order, the trial judge recited that "the elements for Bill of Review have not been satisfied" and further stated that the bill of review was "DENIED." A judgment is a judgment on the merits if it is a decision as to the parties' rights and liabilities based on the ultimate facts disclosed by the pleadings, evidence, or both, and upon which the right of recovery depends. *Am. Acceptance Corp. v. Reynolds,* 104 S.W.2d 123, 124 (Tex.Civ. App.-Amarillo 1937, no writ); *accord Beversdorf v. DeMoss,* No. 03–96–00144–CV, 1996 WL 571521, at *2 (Tex.App.-Austin Oct. 2, 1996, writ dism'd w.o.j.) (not designated for publication). The May 5 order's recitation that "the elements for Bill of Review have not been satisfied" indicates that the order is a judgment on the merits.

■ The judge's June 23 findings and conclusions, however, conflict with the May 5 denial of HSBC's bill of review on the merits. Conclusion of law 10 is that HSBC lacked standing, which is a jurisdictional defect. *See Martin v. Clinical Pathology Labs., Inc.,* 343 S.W.3d 885, 887–88 (Tex.App.-Dallas 2011, pet. denied). Moreover, conclusion of law 11 states, "The pleas to the jurisdiction filed by the Watsons and Aiken are sustained and the bill of review proceeding is dismissed." Thus, the findings and conclusions indicate that the trial judge intended to dismiss the case for lack of subject-matter jurisdiction

based on appellees' pleas to the jurisdiction.

■ Although conclusion of law 11 is couched in decretal language—"the bill of review proceeding is dismissed"—the findings and conclusions were signed 49 days after the judge signed the order denying the bill of review, and thus outside the trial judge's plenary power. *See* TEX.R. CIV. P. 329b(d). HSBC did not file a motion for new trial, and a request for findings of fact and conclusions of law does not extend plenary power beyond the normal 30 days. *See Munir Bata, L.L.C. v. Vestal,* No. 05–10–00346–CV, 2010 WL 2367509, at *1 n. 1 (Tex.App.-Dallas June 15, 2010, pet. denied) (mem. op.); *In re Gillespie,* 124 S.W.3d 699, 703 (Tex.App.-Houston [14th Dist.] 2003, orig. proceeding) (en banc); *see also* TEX.R. CIV. P. 329b(e), (g). The erroneous rendition of a judgment on the merits instead of a jurisdictional dismissal is not a clerical error that can be corrected after plenary power has expired. *See Escobar v. Escobar,* 711 S.W.2d 230, 232 (Tex.1986) (stating that trial court "cannot alter a written judgment which precisely reflects the incorrect rendition" after plenary power expires). So by the time the trial judge signed the findings of fact and conclusions of law, he had lost the power to modify the judgment from a disposition on the merits to a jurisdictional dismissal. Thus, we cannot treat the findings and conclusions as an amended judgment dismissing the case for lack of subject-matter jurisdiction, although we can consider them as findings of fact and conclusions of law. *See Florance v. State,* 352 S.W.3d 867, 874 n. 5 (Tex.App.-Dallas 2011, no pet.) (stating that "any action taken by a trial court after it loses plenary power is void"); *Morrison v. Morrison,* 713 S.W.2d 377, 381 (Tex.App.-Dallas 1986, writ dism'd) (concluding that there is no jurisdictional impediment to a trial judge's making belated findings of fact).

Accordingly, we conclude that the trial judge's May 5, 2010 order was a final judgment on the merits that denied HSBC any relief on its bill of review. Any part of the June 23 findings of fact and conclusions of law that purports to change the judgment to a jurisdictional dismissal is void. *See Florance,* 352 S.W.3d at 874 n. 5.

**B. Standing**

■ Although the trial judge decided the case on the merits, standing and subject-matter jurisdiction are threshold issues. *See Tex. Ass'n of Bus. v. Tex. Air Control Bd.,* 852 S.W.2d 440, 446 (Tex. 1993) ("[S]tanding is a component of subject matter jurisdiction...."); *Tex. Mut. Ins. Co. v. Eckerd Corp.,* 162 S.W.3d 261, 264 (Tex.App.-Austin 2005, pet. denied) ("[S]ubject matter jurisdiction is a threshold issue ...."); *see also Dolenz v. Wells,* No. 05–06–00840–CV, 2007 WL 259196, at *2 (Tex.App.-Dallas Jan. 31, 2007, pet. denied) (mem. op.) (dismissing case for lack of standing and not reaching other issue raised on appeal). Accordingly, we will begin our analysis with the standing issue that was ripe for decision in the trial court and has been fully briefed on appeal.

**1. Standard of review and rules governing pleas to the jurisdiction**

■ We review de novo a challenge to the trial court's subject-matter jurisdiction. *City of Dallas v. Hughes,* 344 S.W.3d 549, 553 (Tex.App.-Dallas 2011, no pet.).

■ A plea to the jurisdiction may challenge the claimant's pleadings or the existence of jurisdictional facts. *See generally id.* On a pleadings challenge, we inquire whether the claimant has alleged sufficient facts to demonstrate that the court has jurisdiction to hear the case. *Id.*

"We construe the pleadings liberally in favor of the [claimant] and look to the [claimant's] intent." *Tex. Dep't of Parks & Wildlife v. Miranda,* 133 S.W.3d 217, 226 (Tex.2004). If the claimant's pleadings do not affirmatively demonstrate the trial court's jurisdiction but do not affirmatively demonstrate incurable defects in jurisdiction, the issue is one of pleading sufficiency, and the claimant should be afforded the opportunity to amend. *Id.* at 226–27. If the claimant's pleadings affirmatively negate the existence of jurisdiction, the court may grant the plea without allowing an opportunity to amend. *Id.* at 227.

 If a plea to the jurisdiction challenges jurisdictional facts, we must consider relevant evidence to resolve the jurisdictional issues. *Hughes,* 344 S.W.3d at 553. The standard of review generally mirrors the summary-judgment standard under Texas Rule of Civil Procedure 166a(c). *Miranda,* 133 S.W.3d at 228; *Hughes,* 344 S.W.3d at 553. The party contesting jurisdiction must meet the summary-judgment standard of proof to support its contention that the trial court lacks subject-matter jurisdiction. *Hughes,* 344 S.W.3d at 553. This means the movant must support its plea with conclusive evidence establishing facts that defeat jurisdiction. *Cnty. of Dallas v. Walker,* No. 05–10–01421–CV, 2011 WL 2120613, at *1 (Tex.App.-Dallas May 31, 2011, no pet.) (mem. op.); *see also Jones v. City of Dallas,* 310 S.W.3d 523, 529 (Tex.App.-Dallas 2010, pet. denied) (court assumes all pleaded facts are true unless they are negated by conclusive evidence). If the movant fails to meet its burden, the claimant has no burden at all, and the jurisdictional challenge fails. *Walker,* 2011 WL 2120613, at *1. "The defendant cannot simply deny the existence of jurisdictional facts and force the plaintiff to raise a fact issue." *Id.* If the movant meets its burden of

conclusively negating jurisdiction, the claimant's burden is only to show that a genuine issue of fact exists. *Id.*

### 2. Application of the law of standing to the facts of this case

Appellees attached no evidence to their pleas to the jurisdiction and introduced none at the hearing. Accordingly, we analyze the standing question as a pleading issue.

 Standing deals with whether a party is the proper person to bring a lawsuit. *Webb v. Voga,* 316 S.W.3d 809, 812 (Tex.App.-Dallas 2010, no pet.). The general test for standing is whether there is a real controversy between the parties that will actually be determined by the judgment sought. *Ascendant Anesthesia PLLC v. Abazi,* 348 S.W.3d 454, 461 (Tex. App.-Dallas 2011, no pet.). To have standing, a party must have a personal stake in the controversy. *Id.* Standing doctrine focuses on whether a party has a sufficient relationship with the lawsuit so as to have a justiciable interest in the outcome. *ECF N. Ridge Assocs., L.P. v. ORIX Capital Mkts., L.L.C.,* 336 S.W.3d 400, 405 (Tex. App.-Dallas 2011, pet. denied).

 A bill of review is a suit to set aside a prior judgment that is no longer subject to challenge by motion for new trial or appeal. *Caldwell v. Barnes,* 154 S.W.3d 93, 96 (Tex.2004) (per curiam). "To have standing to pursue a bill of review, a person generally must have been a party to the prior judgment or have had a then-existing interest or right that was prejudiced by the prior judgment." *Frost Nat'l Bank v. Fernandez,* 315 S.W.3d 494, 502 (Tex.2010), *cert. denied,* —— U.S. ——, 131 S.Ct. 1017, 178 L.Ed.2d 829 (2011).

There is no dispute that HSBC did not allege standing under the general rule as stated in *Frost National Bank.* That is, HSBC did not allege that it was a party to

the default judgment or that it had a then-existing right or interest that was prejudiced by the default judgment. *See id.* Rather, in its first issue on appeal HSBC relies on the principle of law that an assignee has standing to assert a cause of action previously belonging to its assignor. Because Fieldstone had a then-existing right that was affected by the default judgment, HSBC argues, Fieldstone had standing, and it properly conferred that standing on HSBC by assignment. In response, appellees make two principal arguments: (1) as a matter of law, only a person whose due-process rights have been violated has standing to assert those rights in a bill of review, and (2) alternatively, HSBC has not shown that Fieldstone actually assigned its due-process rights to HSBC. We examine the parties' arguments in turn.

### a. Whether a bill-of-review claim is assignable.

Whether a bill-of-review claim is assignable appears to be an issue of first impression in Texas. In many bill-of-review cases, the bill-of-review plaintiff is simply a judgment debtor trying to set aside a money judgment. *See, e.g., Effel v. McGarry,* 339 S.W.3d 789, 791 (Tex.App.-Dallas 2011, pet. denied). This case is different. Fieldstone was not a judgment debtor on a money judgment. Rather, it was allegedly the owner of an interest in real property and the creditor of a debt, and both of these interests were allegedly voided by the default judgment. So HSBC, as Fieldstone's alleged assignee, brings this bill of review not to avoid liability on a money judgment, but rather to validate property and contract rights that it allegedly obtained from Fieldstone and that were ostensibly invalidated by the default judgment.

As a general rule, causes of action are freely assignable. *City of*

*Brownsville ex rel. Pub. Utils. Bd. v. AEP Tex. Cent. Co.,* 348 S.W.3d 348, 358 (Tex. App.-Dallas 2011, pet. denied). The Texas Supreme Court has recognized a few exceptions to this general rule, but it has not held that bill-of-review claims may not be assigned. *See PPG Indus., Inc. v. JMB/Houston Ctrs. Partners Ltd. P'ship,* 146 S.W.3d 79, 92 (Tex.2004) (holding that "DTPA claims generally cannot be assigned by an aggrieved consumer to someone else"); *State Farm Fire & Cas. Co. v. Gandy,* 925 S.W.2d 696, 707–11 (Tex.1996) (discussing four circumstances in which claims cannot be assigned: legal-malpractice claims, Mary Carter agreements, assignments of a plaintiff's claim to a joint tortfeasor, and assignments of certain interests in an estate). The law generally prohibits the assignment of a claim only when the particular assignment presents specific dangers, such as jury confusion, the multiplication of disputes, and potential prejudice to the parties. *See Gandy,* 925 S.W.2d at 707–11. Unless the assignment of a bill-of-review claim like HSBC's would present similar dangers, the general rule of assignability ought to apply.

Appellees rely on the general principle of standing law that a party must assert its own legal rights and interests and cannot rest its claim to relief on the legal rights or interests of third parties. *See Warth v. Seldin,* 422 U.S. 490, 499, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975); *Bailey v. City of Austin,* 972 S.W.2d 180, 184 (Tex.App.-Austin 1998, pet. denied). Some courts have applied this principle specifically to cases in which a party has sought to assert someone else's due-process rights. *See Gonzalez v. Gonzalez,* 331 S.W.3d 864, 867 (Tex. App.-Dallas 2011, no pet.) ("[Appellant] does not have standing to assert an alleged violation of the due process rights of a third-party."); *Sw. Constr. Receivables, Ltd. v. Regions Bank,* 162 S.W.3d 859, 864

(Tex.App.-Texarkana 2005, pet. denied) ("Generally, only the entity that has not been properly served has standing to challenge the lack of due process."). None of these cases address the question of assignability. We have found dicta in one case relevant to our discussion. *See Goffney v. Houston Indep. Sch. Dist.*, No. 01–08–00063–CV, 2009 WL 2343250 (Tex.App.-Houston [1st Dist.] July 30, 2009, pet. denied) (mem. op.). In that case, the Goffneys owned some real property but temporarily lost their interest in the property to a court-appointed master. *Id.* at *2. During the master's period of ownership, the City of Houston conducted a hearing regarding the demolition of buildings on the property. *Id.* at *1–2. On appeal from a subsequent judgment, the Goffneys argued that the City had violated due process by failing to give the master notice of the demolition hearing. *Id.* at *3. The court of appeals rejected this argument, concluding that the Goffneys had no standing to assert the master's due-process rights. *Id.* at *4. In the course of rejecting the Goffneys' standing to make the argument, the court specifically observed, "No evidence in the record indicates that the [m]aster assigned his right to assert such a claim to the Goffneys." *Id.* Thus, the court suggested the relative significance of an assignment in analyzing the issue.

■■■ The policy of this State is to permit the assignment of a cause of action in the absence of policy reasons to forbid the particular kind of assignment. *See generally Gandy*, 925 S.W.2d at 705–11. We have not been presented with any reason to conclude that permitting the assignment of Fieldstone's bill-of-review rights to HSBC would be inimical to public policy. We conclude that HSBC is correct and that Fieldstone's right to bring a bill of review to challenge the underlying default judgment is assignable.

### b. Whether HSBC sufficiently pleaded an assignment.

Appellees also argue that Fieldstone did not actually assign the right to bring a bill of review to HSBC. Since appellees did not attempt to disprove the existence of such an assignment, we look to HSBC's allegations to determine whether HSBC sufficiently pleaded the assignment. *See Jones*, 310 S.W.3d at 529 (stating that jurisdictional allegations are assumed to be true unless negated by conclusive evidence).

HSBC alleged that, after the Watsons obtained their default judgment in July 2005, "[t]he Note and Deed of Trust [executed by the Watsons] were subsequently assigned to HSBC Bank on June 30, 2007.... Litton Loan is the current servicer of the loans at issue. Therefore, HSBC Bank, as the current holder of the liens, and Litton Loan, as the servicer, bring this Bill of Review." HSBC also attached some supporting documentation to its live pleading, including the July 2004 warranty deed with vendor's lien conveying the property from First Source to the Watsons, a July 2004 deed of trust and note by the Watsons in favor of Fieldstone,[1] and the June 2007 assignment of note and deed of trust to HSBC by "Mortgage Electronic Registration Systems, Inc. as nominee for lender and lender[']s successors and assigns." We consider these documents as part of HSBC's pleading. *See* Tex.R. Civ. P. 59 (allowing certain exhibits to be attached to a pleading and "deemed a part thereof for all purposes");

---

1. In its live petition, HSBC alleges that Fieldstone made two loans to the Watsons and obtained two deeds of trust. Only one deed of trust is attached to the petition. But HSBC's failure to attach the other alleged deed of trust does not affect our analysis.

*City of Celina v. Blair,* 171 S.W.3d 608, 612 n. 5 (Tex.App.-Dallas 2005, no pet.).

■ HSBC also points out that the deed of trust in favor of Fieldstone as "Lender" specifically gives Lender the right to appear in court to protect Lender's interest in the property. The deed of trust provides:

> If ... there is a legal proceeding that might significantly affect Lender's interest in the Property and/or rights under this Security Instrument ... then Lender may do and pay for whatever is reasonable or appropriate to protect Lender's interest in the Property and rights under this Security Instrument.... Lender's actions can include, but are not limited to: ... appearing in court....

Appellees argue that this language does not constitute a "direct and unambiguous assignment" of Fieldstone's right to bring a bill of review based on a denial of due process. We reject appellees' position and conclude that HSBC sufficiently alleged the assignment of the necessary rights. By alleging that it had obtained Fieldstone's rights under the deed of trust quoted above, HSBC alleged that it had also acquired Fieldstone's right to appear in court to protect its rights under the deed of trust. This bill of review is a court appearance that would protect HSBC's rights in the deed of trust by setting aside the default judgment that purports to void the deed of trust. Accordingly, we conclude that HSBC's allegations of assignment, combined with the language of the deed of trust giving "Lender" the right to appear in court in order to protect its rights in the deed of trust, sufficed to plead that HSBC had standing to bring the bill of review.

■ In the trial court, the Watsons raised another potential basis for contesting the alleged assignment of Fieldstone's bill-of-review claim to HSBC, namely section 12.014 of the property code. They argued that section 12.014 precludes an assignment of a claim if a lawsuit is not actually pending at the time of the assignment. That statute provides that a judgment or "an interest in a cause of action *on which suit has been filed* may be sold, regardless of whether the judgment or cause of action is assignable in law or equity, if the transfer is in writing." TEX. PROP.CODE ANN. § 12.014(a) (West Supp. 2011) (emphasis added). The statute goes on to say that if such a written transfer is filed in keeping with certain other statutory requirements, the filing "is notice to and is binding on a person subsequently dealing with the judgment or cause of action." *Id.* § 12.014(d). As HSBC points out, we have held that the predecessor to section 12.014 was merely a rule of registration, so as to give all persons notice of the assignment, and the statute "was not intended thereby to prevent the acquisition of title to a judgment, cause of action, or an interest therein, either legal or equitable, in any other lawful manner." *Hunter v. B.E. Porter, Inc.,* 81 S.W.2d 774, 775 (Tex.Civ.App.-Dallas 1935, no writ); *accord Sw. Bell Tel. Co. v. Mktg. on Hold, Inc.,* 170 S.W.3d 814, 824–25 (Tex.App.-Corpus Christi 2005) (concluding section 12.014(a) was not intended to limit assignability of causes of action), *rev'd on other grounds,* 308 S.W.3d 909 (Tex.2010). We conclude that section 12.014 has no bearing on the validity of Fieldstone's alleged assignment to HSBC, and thus HSBC was not required to plead compliance with section 12.014.

### c. Whether the default judgment affected the assignability of Fieldstone's bill-of-review claim.

In its second issue on appeal, HSBC argues that the default judgment voiding Fieldstone's note and deed of trust did not

affect the assignability of Fieldstone's bill-of-review claim. HSBC makes this argument to counter an assertion that Aiken raised in the trial court in a post-hearing letter brief. In his letter brief, Aiken argued that HSBC could not proceed as an assignee of Fieldstone's rights because the default judgment voided Fieldstone's rights, and thus Fieldstone had nothing to convey to HSBC. Because the default judgment voided the instruments Fieldstone ostensibly assigned to HSBC, Aiken concluded, "there were no documents which Fieldstone, or even MERS, could assign, [and] it is impossible for HSBC to be the successor-in-interest of [Fieldstone]." In response to this argument, HSBC argues that the default judgment itself was void because of the failure to join and serve Fieldstone—the same argument HSBC relies on for the merits of its bill of review. Appellees do not appear to re-urge Aiken's argument in their appellate briefs.

■■■ We agree with HSBC that the default judgment did not bar Fieldstone from assigning the note, the deed of trust, or its bill-of-review claim to HSBC. Contrary to Aiken's argument in the trial court, the default judgment voiding the documents relating to the closing on the property did not mean the documents no longer existed to be assigned. The default judgment affects the instruments' legal validity, and if the default judgment is not set aside, the instruments will remain judicially voided despite the assignment. But if HSBC's bill of review is successful, the default judgment will be set aside, and HSBC will be able to litigate the validity of the note and deed of trust anew. Aiken's argument assumes that the default judgment is valid and thus that HSBC's bill of review will fail, but the merits of the bill of review are not presented in this standing challenge. *See City of Heath v. Duncan,*

152 S.W.3d 147, 151 (Tex.App.-Dallas 2004, pet. denied) (stating that jurisdictional challenges "should be decided without delving into the merits of the case"). Thus, Aiken's argument fails. For the same reason, HSBC's appellate argument that we should go further and conclude that the default judgment is "void on its face" is also premature in this jurisdictional analysis. We conclude only that the default judgment did not preclude Fieldstone's assignment of the affected instruments and does not affect HSBC's standing to bring this bill of review.

### 3. Conclusion

HSBC pleaded sufficient facts in its live pleading to demonstrate standing to sue. Appellees did not make a proper evidentiary attack on HSBC's jurisdictional allegations, so HSBC had no burden to adduce evidence in support of its standing. On this record, we conclude that the trial court possessed subject-matter jurisdiction over HSBC's bill of review.

## C. Propriety of the denial of HSBC's bill of review

### 1. Motion to abate

Having resolved the jurisdictional issue, we turn to the question of whether there was any potentially proper basis for the trial judge to dispose of HSBC's bill of review on the merits, as he did by his May 5, 2010 "Order Denying Bill of Review." Although the judge recited in the order that "the elements for Bill of Review have not been satisfied," the order does not explain the procedural vehicle by which the judge was making such a finding. There was no conventional trial of HSBC's bill of review. Although HSBC and Aiken filed summary-judgment motions, and it appears that the trial judge heard Aiken's motion about six weeks before May 5, the May 5 order does not mention the summary-judgment motions, and no party ar-

gues that the judgment was a summary judgment. Instead, appellees propose that the trial judge's denial of HSBC's bill of review could have been predicated on Aiken's motion to abate. In that motion, Aiken prayed that the trial court abate the case based on HSBC's failure to join certain allegedly necessary parties, and then dismiss the case if HSBC failed to do so within seven days. We agree with appellees that Aiken's motion to abate appears to be the only possible basis for the trial judge's May 5 order.

HSBC includes an argument in its appellate brief that the trial judge's dismissal of the case "for lack of standing" cannot be upheld on the theory of failure to join necessary parties. Although the trial judge actually rendered judgment on the merits rather than for lack of standing, the substance of HSBC's argument is broad enough to attack the necessary-parties ground raised in Aiken's motion to abate claims. HSBC argues that the judgment cannot stand on this basis because a trial court cannot dismiss a case for failure to join necessary parties unless it has given the offending party an opportunity to cure the defect. And indeed, in his motion to abate Aiken asked the trial judge to dismiss the case only if HSBC failed to join all necessary parties after an opportunity to do so.

As HSBC points out, a trial judge must grant an opportunity to amend when he grants a plea in abatement. *KSNG Architects, Inc. v. Beasley,* 109 S.W.3d 894, 898 (Tex.App.-Dallas 2003, no pet.); *Polk v. Braddock,* 864 S.W.2d 78, 80 (Tex.App.-Dallas 1992, no writ). The trial judge did not do so in this case, even though Aiken requested in his motion to abate that HSBC be given such an opportunity. Consequently, the trial judge's denial of HSBC's claim on the merits was erroneous.

Appellees argue that the denial of HSBC's bill of review was justified because HSBC's failure to join all parties interested in the underlying default judgment turned HSBC's suit into an improper collateral attack. Appellees are correct that all parties who are interested in the underlying judgment and will be directly and materially affected by the relief sought in a bill of review are "indispensable parties, without whose presence the action becomes a collateral attack." *Hunt v. Ramsey,* 162 Tex. 133, 345 S.W.2d 260, 264 (1961). But it does not follow that the trial judge could therefore render a judgment against HSBC based on Aiken's motion to abate without giving HSBC an opportunity to amend and cure the defect, if any.

Appellees' cases do not support the proposition that the trial judge could properly deny HSBC's bill of review outright based on Aiken's motion to abate. In *Neely v. Schooler,* 643 S.W.2d 229 (Tex.App.-Fort Worth 1982, writ ref'd n.r.e.), a party seeking specific performance of a contract lost at trial, and one ground of affirmance on appeal was the party's failure to join an indispensable party. *Id.* at 231. In *Lowe v. Farm Credit Bank of Texas,* 2 S.W.3d 293 (Tex.App.-San Antonio 1999, pet. denied), Lowe filed a bill of review, the defendant won summary judgment because Lowe failed to join the other judgment debtors, and the court of appeals affirmed the summary judgment. *Id.* at 295–98. In both *Neely* and *Lowe,* the necessary-party argument was litigated and resolved through a dispositive procedure, either trial or summary judgment. Thus, appellees' cases are distinguishable from the instant case, in which the issue of necessary parties was raised by a motion to abate in which Aiken sought dismissal only in the event HSBC failed to cure the alleged defect of parties. To the extent the trial

judge relied on Aiken's motion to abate as the basis for his judgment denying HSBC's bill of review on the merits, the judge erred by doing so without giving HSBC an opportunity to amend. *See KSNG Architects,* 109 S.W.3d at 898–99 (reversing trial judge's decision to strike defendant's pleadings without a chance to replead based on a motion to strike that prayed for defendant to be given an opportunity to replead).

We express no opinion on the merits of Aiken's motion to abate. We conclude only that the trial judge erred by denying HSBC's bill of review outright on that basis without giving HSBC an opportunity to cure any defect that may have existed.

### 2. Res judicata

In its third issue on appeal, HSBC argues that the trial judge erred by relying on res judicata as a basis for disposing of HSBC's bill of review. It appears that HSBC makes this argument because appellees discussed res judicata in their posthearing briefs in the trial court. Appellees respond that the trial court did not rely on res judicata as a basis for disposing of the case. We agree with appellees and conclude that HSBC's third issue is immaterial.

 Appellees did not rely on res judicata in their pleas to the jurisdiction. Nor did Aiken rely on res judicata in his motion to abate. Moreover, the trial judge did not mention res judicata in the order in which he denied HSBC's bill of review. In the order, the judge recited that "the elements for Bill of Review have not been satisfied," but he did not mention any affirmative defenses such as res judicata. *See* TEX.R. CIV. P. 94 (listing res judicata as an affirmative defense). Because res judicata was not presented to the trial judge as a basis for judgment, HSBC has no burden on appeal to demonstrate that res judicata does not support the trial court's judgment. *See Victoria Gardens of Frisco v. Walrath,* 257 S.W.3d 284, 290 (Tex.App.-Dallas 2008, pet. denied) (holding that judgment cannot be affirmed based on ground not presented to the trial court). We need not discuss HSBC's third issue on appeal. *See* TEX.R.APP. P. 47.1.

### D. The merits of HSBC's bill of review

In its fourth issue on appeal, HSBC argues that it adduced evidence of all of the necessary elements for bill-of-review relief. HSBC includes this argument because of the language in the October 5 order that "the elements for Bill of Review have not been satisfied." We have already concluded that the jurisdictional pleas attacked only HSBC's pleadings and that the judge's denial of HSBC's bill of review on the merits was erroneous and must be reversed. Accordingly, it is unnecessary for us to address HSBC's fourth issue on appeal. *See* TEX.R.APP. P. 47.1.

### IV. DISPOSITION

For the foregoing reasons, we reverse the trial court's judgment with respect to the claims of appellant HSBC and remand the case for further proceedings as to those claims. We affirm the trial court's judgment as to appellant Litton Loan Servicing, L.P.