**Affirmed and Opinion Filed March 7, 2024**



In The
# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-22-01323-CV

**BOBBY RAY THOMPSON, DEBRA R. FRAZIER, DARLISA JEFFERSON, DIANE JONES, ROBERT WAYNE JONES AND SANDRA KEY JONES,**
**Appellants**
**V.**
**HEATH F. CLEVELAND AND SABAS PETER PEREZ, II, Appellees**

### On Appeal from the 68th Judicial District Court
### Dallas County, Texas
### Trial Court Cause No. DC-21-06088

## MEMORANDUM OPINION
Before Justices Molberg, Pedersen, III, and Nowell
Opinion by Justice Pedersen, III

Appellants Bobby Ray Thompson, Debra R. Frazier, Darlisa Jefferson, Diane Jones, Robert Wayne Jones, and Sandra Key Jones brought this suit for trespass to try title against appellees Heath F. Cleveland and Sabas Peter Perez, II. Cleveland and Perez counterclaimed to recover the value of improvements that had been made to the property by good faith improvers. The trial court signed its judgment confirming appellants as the rightful owners of the property, subject to the court's award to Cleveland and Perez of $366,000 as good faith improvers. Appellants raise

two issues on appeal, contending (1) there is no evidence that Cleveland and Perez constructed any improvements on the property, and (2) Cleveland and Perez cannot claim against the rightful owners for the value of improvements made by a prior owner. We affirm the trial court's judgment.

## Background

This appeal involves real property located at 2127 Seevers Avenue in Dallas County (the Property). Dora Mae Thompson Jones and her husband, Robert L. Jones purchased the Property in 1971, and they lived in the house on the Property. Mr. Jones died in 1981, and ownership of the Property passed to Mrs. Jones. She died intestate on December 23, 1998. Appellants are all of her children and, it is undisputed, her heirs at law.

The Property stood vacant for a number of years. At some point in time the City of Dallas demolished the house, and the City maintained the vacant Property. Almost twenty years after Mrs. Jones's death, on September 2, 2018, her name was forged on a warranty deed that purported to transfer the Property from her to an entity named Tres Bendiciones LLC. (the September 2018 Deed). That deed was recorded in Dallas County's real property records.

On April 30, 2019, Manuel Posada Leon contracted to purchase the Property from Tres Bendiciones for $40,000. The sale was closed through Capital Title of Texas, LLC, which did not identify any potential defects in title to the Property. Capital Title did determine that the Property was encumbered by City liens in the

amount of $4,612.91 for the demolition and maintenance charges; Leon paid those liens off during closing. Leon received a general warranty deed for the Property from Tres Bendiciones, and the deed was recorded in county property records. Leon built a new house on the Property, and he poured a concrete walkway and driveway there as well.

Approximately one year later, Cleveland and Perez contracted to buy the improved Property from Leon for $235,000. This time the Stewart Title Company oversaw the closing; again, no defects in title were discovered. Cleveland and Perez paid the purchase price to Leon, and Leon delivered the warranty deed to the Property to them. Cleveland and Perez lived on the Property and continued to improve it.

Appellants filed this suit against Cleveland and Perez in May of 2021, making three claims:

- Trespass to Try Title, seeking to recover the Property, to receive judgment establishing their title and right of possession thereto, and to recover an amount for appellants' use of the Property and any rents they obtained during their possession of the Property.

- Trespass, seeking to recover damages.

- Declaratory Judgment, seeking declarations that they are the true owners of the Property, that the September 2018 Deed was forged and fraudulent, and that the two deeds recorded after the forged deed are of no effect; they also sought attorney's fees.

Cleveland and Perez answered, posing a general denial, and then counterclaimed for the value of improvements made to the Property if the September

2018 Deed were determined to be forged. Their counterclaim alleged that Leon was a good faith improver of the Property for value and without notice or knowledge of appellants' claim that the September 2018 Deed was forged. Cleveland and Perez alleged further that they were good faith purchasers of the Property and of Leon's improvements for value without notice or knowledge of the forgery claim. And they alleged that they made additional improvements to the Property, which further enhanced its value.

Appellants filed a traditional motion for partial summary judgment on their good faith improver claims (the Motion).[1] It was supported by certified copies of the relevant deeds and by the Affidavits of Cleveland, Perez, Leon, and a custodian of records for Capital Title. Attached to the Cleveland affidavit was an assignment of Leon's good faith improver claims to Cleveland and Perez. The Motion conceded that the September 2018 Deed was a forgery. It sought reimbursement for the improvements made on the Property while Leon, Cleveland, and Perez had possessed the Property in good faith.

The trial court granted the Motion, concluding that: the September 2018 Deed was a forgery; Cleveland and Perez were entitled to recover the value, if any, of each improvement made to the Property (in an amount to be determined at the time of,

---

[1] The Motion also sought a take-nothing judgment against appellants on their claim for use or possession of the Property and for attorneys' fees. The Motion was granted on these grounds as well; they have not been appealed.

and as of the date of, trial)[2]; and title to the Property was awarded to and quieted in appellants as the rightful owners, provided they timely satisfied any good faith improver claim proved at trial. As the movants had requested, the court held a single issue for trial, saying: "A determination of the value, if any, of the good-faith-improver claim remains."

At trial, Cleveland and Perez offered the testimony of expert witness Mark Alan Bond, a certified real estate appraiser, who had prepared an appraisal of the Property. Bond testified that he estimated the total value of the improvements as of the date of trial—to the extent they increased the value of the Property—was $366,000. In its final judgment, the trial court awarded Cleveland and Perez that amount, plus interest, on their good faith improvement claim.

This appeal followed.

## Good Faith Improvement of Property

The counterclaim for reimbursement for good faith improvement of property is based on statute. The Property Code provides:

> A defendant in a trespass to try title action who is not the rightful owner of the property, but who has possessed the property in good faith and made permanent and valuable improvements to it, is either:
>
>> (1) entitled to recover the amount by which the estimated value of the defendant's improvements exceeds the estimated value of the defendant's use and occupation of and waste or other injury to the property; or

---

[2] At the close of trial, the court clarified that the summary judgment was intended to cover "all improvements, as opposed to just improvements made by [Cleveland and Perez]."

–5–

(2) liable for the amount by which the value of the use and occupation of and waste and other injury to the property exceeds the value of the improvements and for costs.

TEX. PROP. CODE ANN. § 22.021(a). Improvements are valued at the time of trial in terms of how much they increased the value of the property. *Id.* § 22.021(b).

Appellants raise two issues on appeal. They challenge the sufficiency of the evidence establishing that Cleveland and Perez constructed improvements on the Property, and they argue that Cleveland and Perez may not claim reimbursement for improvements made by Leon.[3]

*Sufficiency of the Evidence*

In their first issue, appellants argue that Cleveland and Perez presented no evidence that they constructed any improvements on the Property. Alternatively, they contend that if Cleveland and Perez constructed any improvements on the property, their value was limited to be between $16,500 and $17,500.

We review a challenge to the legal sufficiency of the evidence by considering all the evidence in the light most favorable to the judgment. *JPMorgan Chase Bank, N.A. v. Orca Assets G.P., L.L.C.*, 546 S.W.3d 648, 653 (Tex. 2018). We ask whether the evidence before the court—crediting favorable evidence if a reasonable fact finder could, and disregarding contrary evidence unless a reasonable fact finder

---

[3] Appellants do not challenge Cleveland and Perez's or Leon's good faith status or the summary judgment evidence that established that status. As noted above, appellants do not challenge the trial court's rulings that they take nothing on their own affirmative claims for trespass, or use and occupation of the Property, or attorney's fees.

could not—would enable reasonable and fair-minded people to reach the ruling under review. *See City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005).

As we outlined above, a portion of this case was decided by summary judgment, and the remainder was resolved by a trial to the court. The appellants complain of insufficient evidence that Cleveland and Perez constructed improvements on the Property. That issue was decided in the summary judgment proceeding, where Cleveland and Perez offered summary judgment evidence (1) that Leon constructed a new house, a concrete walkway, and a concrete driveway on the property, and (2) that Cleveland and Perez constructed a carport and a dog run, poured slab and added a shed, extended the driveway, improved the fence, had a plumber add a gas line for a new gas stove, and installed gutters and window treatments. Appellants have not challenged the summary judgment evidence that identified these improvements. They appear to contend that Cleveland and Perez were required to offer the same evidence again at trial. But in its order on summary judgment, the trial court concluded those improvements—and Cleveland and Perez's good faith status—were established. The only issue remaining for trial, according to the court's order, was the "determination of the value, if any, of the good-faith-improver claim."

The affidavits offered by Cleveland, Perez, and Leon in the summary judgment proceeding were sufficient evidence of the improvements made to the Property. We overrule appellants' first issue.

*Assignment of Leon's Claim*

In their second issue, appellants argue that no Texas law would permit Cleveland and Perez to claim improvements made by someone else. They rely on the language of section 22.021 and argue reimbursement is allowed only for the "defendant . . . who has possessed the property in good faith and made permanent and valuable improvements to it." In this case, appellants sued only Cleveland and Perez, so they were technically the only "defendants" before the trial court.

However, the summary judgment evidence contained the document titled Assignment of Claims, whereby Leon assigned to Cleveland and Perez:

> all of his respective rights, title and interest to any and all charges, complaints, claims and or causes of action of any kind that Manuel Posada Leon has, arising from the improvements made to 2127 Seevers.

"As a general rule, causes of action are freely assignable." *HSBC Bank USA, N.A. v. Watson*, 377 S.W.3d 766, 774 (Tex. App.—Dallas 2012, pet. dism'd). It is the policy of the State of Texas to permit assignment of a cause of action unless a specific policy reason exists to forbid it; we have identified no reason why permitting good faith improvement claims to be assigned would be contrary to public policy. *See id.* at 775.

The summary judgment evidence established that there were three good faith improvers of the Property; all of their rights to reimbursement were established by the summary judgment evidence. Leon assigned his rights to Cleveland and Perez.

We discern no error in the trial court's determination that Cleveland and Perez should be reimbursed for all of the improvements made to the Property.

We overrule appellants' second issue.

## Conclusion

We affirm the trial court's judgment.


221323f.p05

/Bill Pedersen, III//
BILL PEDERSEN, III
JUSTICE



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

BOBBY RAY THOMPSON,
DEBRA R. FRAZIER, DARLISA
JEFFERSON, DIANE JONES,
ROBERT WAYNE JONES, AND
SANDRA KEY JONES, Appellants

No. 05-22-01323-CV        V.

HEATH F. CLEVELAND AND
SABAS PETER PEREZ, II,
Appellees

On Appeal from the 68th Judicial
District Court, Dallas County, Texas
Trial Court Cause No. DC-21-06088.
Opinion delivered by Justice
Pedersen, III. Justices Molberg and
Nowell participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellees Heath F. Cleveland and Sabas Peter Perez, II recover their costs of this appeal from appellants Bobby Ray Thompson, Debra R. Frazier, Darlisa Jefferson, Diane Jones, Robert Wayne Jones, and Sandra Key Jones.

Judgment entered this 7th day of March, 2024.