**Affirm and Opinion Filed July 12, 2024**



In The
# Court of Appeals
## Fifth District of Texas at Dallas

### No. 05-23-00570-CV

**JASON GIBSON AND ALL OTHER OCCUPANTS, Appellant**
**V.**
**GOEL VENTURES THREE LLC, Appellee**

**On Appeal from the County Court at Law No. 7**
**Collin County, Texas**
**Trial Court Cause No. 007-00748-2023**

## MEMORANDUM OPINION

Before Justices Molberg, Pedersen, III, and Goldstein
Opinion by Justice Molberg

Appellant Jason Gibson appeals from a judgment for appellee Goal Ventures Three, LLC in a forcible detainer action. Appellant's brief was due October 11, 2023, but was not filed. Appellee filed a brief on October 13, 2023, arguing the trial court properly granted summary judgment and seeking damages under rule of appellate procedure 45.

Rule 45 provides:

If the court of appeals determines that an appeal is frivolous, it may—on motion of any party or on its own initiative, after notice and a reasonable opportunity for response—award each prevailing party just damages. In determining whether to award damages, the court must

not consider any matter that does not appear in the record, briefs, or other papers filed in the court of appeals.

TEX. R. APP. P. 45. As we have stated previously:

> "An appeal is frivolous if, at the time asserted, the advocate had no reasonable grounds to believe judgment would be reversed or when an appeal is pursued in bad faith." *See D Design Holdings, L.P. v. MMP Corp.*, 339 S.W.3d 195, 205 (Tex. App.—Dallas 2011, no pet.). "The decision to grant appellate sanctions is a matter of discretion that an appellate court exercises with prudence and caution and only after careful deliberation." *Owen v. Jim Allee Imports, Inc.*, 380 S.W.3d 276, 290 (Tex. App.—Dallas 2012, no pet.). "Although imposing sanctions is within our discretion, we will do so only in circumstances that are truly egregious." *Id.* "[A]n issue's lack of merit does not necessarily equate to bad faith." *Byrd v. Hutton*, No. 05-19-01191-CV, 2020 WL 4013150, at *6 (Tex. App.—Dallas July 16, 2020, pet. denied) (mem. op.).

*Estate of Webb*, No. 05-22-00673-CV, 2023 WL 7144639, at *6 (Tex. App.—Dallas Oct. 31, 2023, no pet.) (mem. op. on reh'g).

We decline to award sanctions under rule 45. *See Sun Holdings, Inc. v. Hudson Energy Servs., LLC*, No. 05-23-00751-CV, 2024 WL 358113, at *1 (Tex. App.—Dallas Jan. 31, 2024, no pet.) (mem. op.) (declining to award appellee rule 45 damages when appellant failed to file brief).

Finally, as stated above, while appellee filed a brief in this cause, appellant failed to do so. If an appellant fails to timely file a brief in a civil case, "if an appellee's brief is filed, the court may regard that brief as correctly presenting the case and may affirm the trial court's judgment upon that brief without examining the record." TEX. R. APP. P. 38.8(a)(3). Accordingly, we regard appellee's brief as

correctly presenting the case and affirm the trial court's judgment. *See id.*; *HSBC Bank USA, N.A. v. Watson*, 377 S.W.3d 766, 769 (Tex. App.—Dallas 2012, pet. dism'd) (affirming judgment under rule 38.8(a)(3) as to appellant that failed to file brief); *In re L.N.E.*, No. 05-07-01712-CV, 2009 WL 280472, at *3 (Tex. App.—Dallas Feb. 6, 2009, no pet.) (mem. op.) (same).


/Ken Molberg/
KEN MOLBERG
230570F.P05                                            JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

JASON GIBSON AND ALL OTHER OCCUPANTS, Appellant

No. 05-23-00570-CV     V.

GOEL VENTURES THREE LLC, Appellee

On Appeal from the County Court at Law No. 7, Collin County, Texas
Trial Court Cause No. 007-00748-2023.
Opinion delivered by Justice Molberg. Justices Pedersen, III and Goldstein participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee GOEL VENTURES THREE LLC recover its costs of this appeal from appellant JASON GIBSON AND ALL OTHER OCCUPANTS.

Judgment entered July 12, 2024