Janis LOWE f/k/a Janis Bloodworth,
Appellant,

v.

FARM CREDIT BANK OF TEXAS
f/d/b as Federal Land Bank of
Texas, Appellee

Nos. 04–98–00647–CV, 04–98–00649–CV.

Court of Appeals of Texas,
San Antonio.

Jan. 27, 1999.

Rehearing Overruled Aug. 26, 1999.

Sharon E. Callaway, Sunny J. Jansma, Crofts, Callaway & Jefferson, P.C., San Antonio, James W. Christian, Chohn T. Hickman, Christian & Smith, L.L.P., Houston, Tom Harwood, Law Offices of Tom Harwood, Uvalde, for appellant.

Barnet B. Skelton, Houston, for appellee.

Before PHIL HARDBERGER, Chief Justice, CATHERINE STONE, Justice, KAREN ANGELINI, Justice.

## OPINION

PHIL HARDBERGER, Chief Justice.

Appellant, Janis Lowe f/k/a Janis Bloodworth ("Lowe"), appeals a summary judgment denying her petition for bill of review. Lowe also brings an accelerated appeal from the trial court's denial of a temporary injunction. We consolidated the two appeals for briefing and argument. Lowe asserts eight issues in her brief relating to the following contentions: (1) the trial court erred in granting summary judgment in favor of Farm Credit Bank f/k/a Federal Land Bank ("Bank"); (2) the trial court erred in denying Lowe's motion for partial summary judgment based on absence of service; (3) the trial court abused its discretion in awarding the Bank attorney's fees; and (4) the trial court abused its discretion in denying Lowe injunctive relief. We affirm the trial court's judgment in favor of Bank, and we dismiss the interlocutory appeal from the trial court's denial of injunctive relief as moot.

### FACTUAL AND PROCEDURAL HISTORY

In March of 1982, Lowe, Winston O. Bloodworth, Jr. ("Bloodworth"), and T.A.A.S., Inc. executed a note payable to the Bank in the original principal amount

of $477,000. The Bank was granted a lien against real property owned by T.A.A.S. to secure the note. At the time of the transaction, fifty percent of T.A.A.S.'s stock was owned by Lowe, and fifty percent was owned by Bloodworth. Lowe contends that the Bank, the abstract title company closing the transaction, and Bloodworth represented that the pledged property included an improved 19.09 acre tract; however, the Bank failed to take a lien on that tract.

In October of 1985, Lowe and Bloodworth divorced. Bloodworth received Lowe's stock in T.A.A.S. as part of the property settlement. Lowe contends that she notified the Bank of her name and address change in September of 1988.

Sometime after the divorce, the note went into default, and the Bank foreclosed its lien on the property pledged as security. In 1986, Bloodworth filed bankruptcy, and he received a discharge on March 24, 1997. On January 30, 1990, the Bank obtained a summary judgment against Lowe, Bloodworth, and T.A.A.S. for the deficiency that remained due on the note after the foreclosure. The judgment was in the amount of $47,930.48, with post-judgment interest to accrue at 14.25% per annum.

Lowe contends that she never received any notices relating to the default of the note or the foreclosure, and she was never served with process in the action for the deficiency. Although the judgment recites that an answer was filed on Lowe's behalf, the attorney who filed the answer, Howard L. Pyland, admits that he never spoke with Lowe and was under the impression that Lowe and Bloodworth were married when he was retained by Bloodworth to file the answer. Furthermore, the Bank's documents reflect that notice was sent to Lowe at Bloodworth's home, rather than her new address which she claimed to have given the Bank. Lowe asserts that her first notice of the actions taken by the Bank was a demand letter sent by the Bank's attorney dated May 16, 1997. Since no payments had been made on the judgment, the amount due and owing on that date was $131,259.15. The letter indicated that the Bank would levy on real property owned by Lowe in Galveston County, Texas, if Lowe failed to immediately pay the deficiency.

In August of 1997, Lowe filed her original petition for bill of review and application for temporary restraining order, temporary injunction, and permanent injunction. The Bank filed a motion for summary judgment, asserting that the bill of review constituted a collateral attack because Lowe had failed to join Bloodworth and T.A.A.S. as necessary parties. Lowe filed a response and a motion for partial summary judgment, contending that the deficiency judgment should be set aside as to her based on the absence of service. Lowe filed an affidavit stating that: (1) she was without notice of the deficiency suit; (2) she did not authorize Pyland to file an answer on her behalf; and (3) she was not served with process. The Bank attached Bloodworth's affidavit to its response in which Bloodworth states that he informed Lowe of the default and potential foreclosure in September of 1988, and after he was served with process in the deficiency suit, he notified Lowe and indicated that he would hire a lawyer.

By the time of the summary judgment hearing, Lowe had amended her petition, adding Bloodworth and Bloodworth's chapter 7 trustee, Robbye Waldron, as potential parties; however, the petition states that no citation against Bloodworth or Waldron is requested. Lowe also had filed a motion to reopen the bankruptcy estate in order to add Bloodworth as a party. The bankruptcy judge denied the motion, stating that the discharge relieved Bloodworth of any personal liability and the motion failed to name Waldron as a party for purposes of determining whether the claim for setting aside the deficiency judgment was an asset of the estate. Waldron also filed an affidavit in his capacity as trustee, stating that he abandoned any in-

terest in any potential recovery relating to the claim.

On May 1, 1998, the trial court entered an order denying Lowe's motion for partial summary judgment. The trial court also entered a final summary judgment, ordering that Lowe take nothing against the Bank and awarding the Bank attorney's fees. Lowe's motion for reconsideration was denied.

On July 20, 1998, Lowe moved for a severance to sever her wrongful foreclosure claim and claims for injunctive relief from the bill of review. The trial court set the hearing on the temporary injunction for July 24, 1998. On the day of the hearing, Lowe filed a supplemental original petition because the petition on file at the time of the hearing did not contain any pleadings to support injunctive relief. The trial court denied the severance and the request for injunctive relief.

Lowe appeals both the summary judgment denying her petition for bill of review and the trial court's order denying injunctive relief.

### SUMMARY JUDGMENT STANDARD OF REVIEW

Since both parties moved for summary judgment in the instant case, each party was required to carry his or her own burden of establishing a right to judgment. *Brooks County Cent. Appraisal Dist. v. Tipperary Energy Corp.*, 847 S.W.2d 592, 594 (Tex.App.—San Antonio 1992, no writ). This initial burden requires the movant to show that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law. *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548–49 (Tex.1985). In determining whether a material fact issue exists to preclude summary judgment, evidence favoring the non-movant is taken as true, and all reasonable inferences are indulged in favor of the non-movant. *Nixon v. Mr. Property Management Co.*, 690 S.W.2d at 548–49; *see also Doe v. Boys Clubs of Greater Dallas, Inc.*, 907 S.W.2d 472, 477 (Tex.1995). Any doubt is resolved in favor

of the non-movant. *Nixon v. Mr. Property Management Co.*, 690 S.W.2d at 548–49; *see also Doe*, 907 S.W.2d at 477.

### BILL OF REVIEW

In its motion for summary judgment, the Bank asserted that Lowe's bill of review was a collateral attack on the deficiency judgment because Lowe failed to join Bloodworth and T.A.A.S. as necessary parties. In her brief, Lowe contends that Bloodworth and T.A.A.S. are not necessary parties because: (1) Bloodworth was discharged from any liability through bankruptcy; (2) the bankruptcy court refused to reopen the bankruptcy to pursue the bill of review; (3) Waldron abandoned any interest in the claim; and (4) T.A.A.S. had forfeited its corporate charter. The Bank responds that the abandonment of the claim by Waldron resulted in title to the claim being returned to Bloodworth, and since Lowe's prayer for relief seeks to set aside the foreclosure, T.A.A.S. is a necessary party because T.A.A.S. would own the property absent the foreclosure.

"A bill of review is an independent equitable action brought by a party to a former action seeking to set aside a judgment, which is no longer appealable or subject to motion for new trial." *Baker v. Goldsmith*, 582 S.W.2d 404, 406 (Tex.1979). According finality to judgments is of fundamental importance, and bills of review seeking relief from final judgments are scrutinized with "extreme jealousy and the grounds on which interference will be allowed are narrow and restricted." *Montgomery v. Kennedy*, 669 S.W.2d 309, 312 (Tex.1984); *Brooks v. Associates Financial Corp.*, 892 S.W.2d 91, 92 (Tex.App.—Houston [14th Dist.] 1994, no writ).

In a bill of review, the complainant must generally prove: (1) a meritorious defense to the cause of action alleged to support the judgment; (2) which he was prevented from making by the fraud, accident or wrongful act of the opposite party; (3) unmixed with any fault or negligence of

his own. *Id.* If the complainant proves that he was not served with process, however, he is not required to show either of the first two requirements, and his own want of fault or negligence is established. *Caldwell v. Barnes,* 975 S.W.2d 535, 537 (Tex.1998).

Both parties assert that the law governing this issue is set out in *Hunt v. Ramsey,* 162 Tex. 133, 345 S.W.2d 260 (Tex. 1961). In that case, two plaintiffs brought suit against over 1,000 defendants and obtained a judgment for several thousand acres of land. *Id.* at 261. The plaintiffs served most of the defendants with citation by publication and obtained default judgments against most of the defendants. *Id.* The heirs of one of the defendants brought a bill of review seeking to set aside the judgment as to that portion of the acreage to which their ancestor had a claim. *Id.* The heirs disclaimed any interest in any other acreage awarded to the plaintiffs. *Id.* at 262.

The Texas Supreme Court noted that the first question to be addressed was whether, in any event, a part of a judgment may be set aside as to some parties and left intact as to others. *Id.* at 262. Following the holding in a previous case, the Court asserted that in suits for recovery of lands, where the defendants claim separate parcels and where they are entitled to demand a separate trial, a voluntary severance can be deemed to have occurred if the plaintiff proceeds to trial against one or more defendants without having properly served other defendants, who do not appear. *Id.* at 263 (citing *Boone v. Hulsey,* 71 Tex. 176, 9 S.W. 531 (1887)). The Court concluded that a portion of the judgment before it could, in a proper case, be set aside. *Id.* at 264.

The Court then addressed whether the judgment could be set aside without the joinder of all the parties to it being made parties to the action. *Id.* The Court noted that the general rule was that all parties whose interests are such that they would be, or might be, directly or material-ly affected are necessary parties, and, if joined, the attack is direct; otherwise, the attack is a collateral one. *Id.* The Court further noted that the general rule leads to the exception: parties who will not, or cannot be, affected by the action need not be made parties. *Id.* Accordingly, if a bill of review attacks the interests of but one party whose interests are severable, others named in the former litigation need not be joined. *Id.* (citing 4 McDonald, Texas Civil Practice, 1489). Only those persons who have a real, present interest in the judgment attacked are necessary for the attack to be direct. *Id.* at 265.

The first step in determining whether Bloodworth and T.A.A.S. are necessary parties is to determine whether their interests are severable. As stated in *Hunt,* this requires a determination of whether, in any event, the deficiency judgment can be set aside as to Lowe and left intact as to others. *Id.* at 262. As previously noted, the *Hunt* court responded in the affirmative because the defendants would have been entitled to a severance and to demand a separate trial. *Id.* at 263.

In our case, Lowe, Bloodworth and T.A.A.S. are co-makers of a note, and, therefore, they are jointly and severally liable to the Bank. Since the claims against each of the co-makers involve identical facts and relate to the same transaction, severance of the claims would not be proper. *See McRoberts v. Tesoro Savings & Loan Ass'n,* 781 S.W.2d 705, 706 (Tex. App.—San Antonio 1989, writ denied) (payee entitled to recover principal and interest only once so severance against individuals as guarantors from claim against individuals as makers was improper); *see also Barr v. Resolution Trust Corp. ex rel. Sunbelt Federal Sav.,* 837 S.W.2d 627, 631 (Tex.1992) (claim in lawsuit against individual as general partner of maker was barred by res judicata since it should have been asserted in prior lawsuit against individual as guarantor). Therefore, we conclude the parties' interests are not severable, and Lowe's failure

to join Bloodworth and T.A.A.S. makes the proceeding a collateral attack.[2]

▓▓▓▓ With regard to the second issue, whether Bloodworth and T.A.A.S. have a real, present interest in the deficiency judgment, we conclude that at least T.A.A.S. has such an interest. When T.A.A.S.'s charter was forfeited, the title to its assets bifurcated; legal title remained in T.A.A.S. and beneficial title vested in Bloodworth, as the sole shareholder. *El T. Mexican Restaurants, Inc. v. Bacon,* 921 S.W.2d 247, 251 (Tex.App.—Houston [1st Dist.] 1995, writ denied). A forfeiture does not dissolve the corporate entity. *Lighthouse Church of Cloverleaf v. Texas Bank,* 889 S.W.2d 595, 601 (Tex.App.—Houston [14th Dist.] 1994, writ denied). Until a corporation is dissolved, it cannot be considered "defunct" or "dead." *El T. Mexican Restaurants, Inc. v. Bacon,* 921 S.W.2d at 253 (describing "stages of corporate decay" and asserting that forfeiture of corporate privileges or charter does not constitute a dissolution); *Lighthouse Church of Cloverleaf v. Texas Bank,* 889 S.W.2d at 601. Although a corporate entity whose charter has been forfeited is prohibited by statute from suing and defending in Texas courts, *see* Tex. Tax Code. Ann. § 171.252 (Vernon 1992), equity will permit the shareholders to sue on the corporation's behalf. *See El T. Mexican Restaurants, Inc. v. Bacon,* 921 S.W.2d at 253 & n. 10; *Canadian Country Club v. Johnson,* 176 S.W. 835, 839 (Tex.Civ.App.—Amarillo 1915, writ ref'd). Similarly, equity would have permitted Bloodworth to represent T.A.A.S., and its interest in its assets, in Lowe's bill of review action.

When T.A.A.S. forfeited its charter, it retained legal title to its assets, which remained subject to the deficiency judgment.[3] Therefore, T.A.A.S. has a present interest in the deficiency judgment that could have been represented by Bloodworth in his capacity as shareholder. Nothing prevented Lowe from adding Bloodworth as a party in that capacity. Since we conclude that T.A.A.S. has a real, present interest in the judgment, we do not address whether Bloodworth also has such an interest.

Lowe asserted during oral argument that since she was only seeking relief for herself and since she was the only party not served, Bloodworth and T.A.A.S. are not necessary parties to the relief she seeks. However, the focus of the exception established in *Hunt* is not the other parties' interest in the arguments presented in the bill of review petition but in the judgment attacked. If the bill of review petition is successful, a potential "result of the attack" will be to set aside the deficiency judgment and, perhaps, the foreclosure. *See Hunt,* 345 S.W.2d at 265. Since title to the property was held by T.A.A.S. prior to the foreclosure and since T.A.A.S. retained legal title to its assets that are subject to the deficiency judgment, T.A.A.S. clearly has a real, present interest in the result of the attack.

Since the interests of Lowe were not severable from Bloodworth and T.A.A.S. and since T.A.A.S. has a real, present interest in the judgment attacked, Lowe failed to join all the necessary parties to her bill of review proceeding, making it a collateral attack on the deficiency judg-

2. The inability to sever the claims against the co-makers is also logical when we take into account the adverse effect a reversal of the deficiency judgment solely as to Lowe would have on T.A.A.S. and Bloodworth. In such an instance, the liability of T.A.A.S. and Bloodworth would increase since their right to contribution from one of the joint and several co-makers would be extinguished.

3. We note that Lowe did not attempt to show that T.A.A.S. did not own any assets until her motion for reconsideration. Even if we consider the evidence presented in her motion, the evidence at most establishes that T.A.A.S. has not conducted operations since the 1980s. It does not establish that T.A.A.S. did not retain title to the assets it had when it ceased operations. The cessation of operations by a corporation does not equate to a corporate dissolution.

ment.[4] The deficiency judgment recited that Lowe was a party defendant and appeared through an attorney. Lowe may not attack that judgment in a collateral proceeding. *Akers v. Simpson*, 445 S.W.2d 957, 959 (Tex.1969). The trial court did not err in granting summary judgment in favor of the Bank.[5]

## ATTORNEY'S FEES

■ In Lowe's fourth issue, she contends that the Bank was not entitled to attorney's fees. The Bank counters that a party who successfully defends a bill of review is entitled to recover attorney's fees if attorney's fees are authorized in the prosecution and defense of the underlying case. The Bank cites the Texas Supreme Court's decision in *Meece v. Moerbe*, 631 S.W.2d 729 (Tex.1982), in support of its assertion. Lowe maintains that the Bank misinterprets the holding in *Meece*.

In *Meece*, the complainant filed a bill of review attacking a judgment awarding damages against him based on a usury claim. 631 S.W.2d at 730. The respondent answered and requested attorney's fees for contesting the bill of review. *Id.* The lower court held that the complainant failed to establish a meritorious defense to the original usury claim, denied the bill of review, and awarded the respondent attorney's fees. *Id.* The court of appeals reversed the portion of the judgment awarding attorney's fees, holding that since the defense of a bill of review was not the equivalent of pleading and proving a cause of action under the usury statute, attorney's fees were not recoverable under the statute. *Id.* The Supreme Court reversed the court of appeals, noting that the respondent would have been entitled to at-

torney's fees if the complainant had been able to pursue the usual course of appeal. *Id.*

■ Lowe contends that the Supreme Court's holding limits awards of attorney's fees in bill of review proceedings to instances in which the respondent is required to prove the claim for which the statute authorizes the attorney's fees, i.e, the charging of usurious interest. *Id.* We disagree with this contention. The focus of the Supreme Court's holding is whether the statute authorizing the recovery of attorney's fees draws a distinction between an award of attorney's fees at trial and an award of attorney's fees on appeal. *See id.* In the absence of such a distinction, attorney's fees are recoverable in a bill of review proceeding to the same extent as attorney's fees were recoverable at trial. *Id.* at 730; *Bakali v. Bakali*, 830 S.W.2d 251, 257 (Tex.App.—Dallas 1992, no writ); *see also Rodriguez v. Holmstrom*, 627 S.W.2d 198, 202–03 (Tex.App.—Austin 1981, no writ) (construing bill of review as appeal for purposes of awarding attorney's fees). Since the trial court had the discretion to award the Bank attorney's fees at the trial of the deficiency claim, the Bank was entitled to attorney's fees in the bill of review proceeding.

## INJUNCTION

The fifth through eighth issues raised by Lowe relate to the trial court's denial of injunctive relief and are the subject of the accelerated appeal. Lowe contends that the trial court abused its discretion in denying her request for injunctive relief. The Bank counters that the pleadings did not support injunctive relief and that the

4. We emphasize that we do not reach the issue of whether Bloodworth has a real, present interest in the judgment attacked.

5. At first blush, the Bank's delay in seeking enforcement of its judgment, which permitted an inordinate amount of interest to accrue, seems to call upon equity to protect Lowe, assuming she was without notice of the Bank's actions as she alleges. However, as

the record demonstrates, Lowe had ample notice and opportunity to amend her pleadings when the Bank first presented the lack of necessary parties as an issue. For whatever reason, Lowe chose not to amend her pleadings, and neither the trial court nor this court can reach beyond that failure in an effort to resolve the equities presented in this case.

entry of the final summary judgment caused the injunctive relief to become a moot issue.

We agree with the Bank that the appeal from the denial of the injunctive relief is moot. If a trial court renders a final judgment while an appeal from its grant or denial of a temporary injunction is pending, the appeal of the ruling on the injunctive relief becomes moot. *Isuani v. Manske–Sheffield Radiology Group, P.A.*, 802 S.W.2d 235, 236 (Tex.1991); *EMW Mfg. Co. v. Lemons*, 741 S.W.2d 212, 214 (Tex.App.—Fort Worth 1987), *rev'd on other grounds*, 747 S.W.2d 372 (Tex.1988). The stay ordered by this Court will be lifted upon the issuance of our mandate.

### CONCLUSION

The trial court's judgment in favor of the Bank is affirmed. The rendition of the final summary judgment by the trial court rendered the appeal relating to the denial of the temporary injunction moot, and we dismiss that appeal as moot.