**Affirmed and Majority and Dissenting Opinions filed September 29, 2015.**



In The

# Fourteenth Court of Appeals

### NO. 14-14-00515-CV

## IN THE ESTATE OF ADEL SHESHTAWY, DECEASED

**On Appeal from the Probate Court No 1
Harris County, Texas
Trial Court Cause No. 407,499-406**

## M A J O R I T Y   O P I N I O N

Appellant Valentina Spassova Tasseva Shestawy filed a petition in the District Court of Harris County seeking to enjoin the sale of her house by appellee Michael Fuqua, temporary administrator of the estate of Valentina's deceased husband, Adel Shestawy. Valentina alleged the residence qualified as her homestead under the Texas Constitution and Texas Estates Code and thus could not lawfully be sold. The case was transferred to the Harris County Probate Court with jurisdiction over the administration of Adel's estate. The administrator filed a motion to dismiss the case as a baseless cause of action, arguing Valentina had signed a settlement agreement waiving her homestead rights, and the probate court

granted the motion.

Valentina raises seven issues on appeal. In her first three issues, she argues the probate court erred in denying her request for a temporary injunction. We overrule these issues because the probate court's dismissal is a final judgment that rendered the denial of a temporary injunction moot. Valentina also asserts that the settlement agreement is revocable, and the probate court thus erred in granting the administrator's motion and awarding attorney's fees. But Valentina's petition does not suggest that the agreement is revocable. We therefore hold that the probate court properly granted the administrator's motion to dismiss and awarded the administrator reasonable and necessary attorney's fees. Finally, Valentina contends the probate court erred by approving the administrator's inventory list that included the homestead property and by not setting aside the homestead property for the use of the family. We overrule these issues because Valentina did not include them in her petition, and these claims do not demonstrate that her petition has any basis in law or fact given her waiver of the homestead right. We affirm the judgment of the probate court.

## BACKGROUND

Valentina filed an original petition in the district court seeking an injunction prohibiting appellee, as temporary administrator of the estate, from selling her home on Cabo Blanco Court in Houston, Texas. To support her request for injunctive relief, Valentina alleged the following facts in her original petition.

Valentina and Adel entered into an informal marriage in 2005. Adel purchased the Cabo Blanco residence during the marriage, and the couple lived in the home beginning in 2008. The couple had a child, Lily, in April of that year. Valentina also had a minor child, Nikolay, who resided in the home.

In August 2010, the couple began divorce proceedings, during which the court concluded that an informal marriage existed between Valentina and Adel. Before the divorce was finalized, Adel died. The divorce case was subsequently transferred to the probate court with jurisdiction over Adel's estate, where Valentina filed a petition seeking a declaration of informal marriage that is included in our record. According to Valentina, the Cabo Blanco residence should have been removed from Adel's estate because it qualifies as a homestead for her and her children. Nevertheless, the property was left in Adel's estate.

Subsequently, Valentina was advised by her then-attorney to sign a settlement agreement of the informal-marriage suit, which she did in May 2013. The probate court approved the settlement agreement in July 2013. The settlement agreement granted Cameron McCulloch, attorney ad litem for Lily, the right to sell the Cabo Blanco residence. Under the agreement, McCulloch would use the proceeds from the sale of the house to purchase a new home for Valentina and her children. Our record shows that in January 2014, Valentina filed a motion in the informal-marriage suit (allegedly on behalf of Lily) seeking to set aside and void the settlement agreement, which the probate court denied.

Valentina filed her petition seeking to enjoin the sale of the Cabo Blanco residence in district court in April 2014. In her petition, Valentina alleged that she signed the "grossly unfair" settlement agreement due to poor advice from her attorney, and that she planned to sue him for malpractice. Furthermore, Valentina alleged that at the time the settlement agreement was executed, McCulloch was neither Lily's guardian ad litem nor guardian of the estate. Valentina alleged McCulloch thus did not have the authority to sign the agreement on Lily's behalf. Based on these allegations, Valentina took the position that selling the residence would violate section 52, Article 16 of the Texas Constitution.

After Valentina filed her petition in district court, the case was transferred to the probate court with jurisdiction over Adel's estate, which denied her request for a temporary injunction. The administrator filed a motion to dismiss the petition as a baseless cause of action under Rule 91a of the Texas Rules of Civil Procedure. The probate court granted the motion in June 2014 and awarded the administrator $3,715 in reasonable and necessary attorney's fees. This appeal followed.[1]

### ANALYSIS

Valentina raises seven issues on appeal. Because her first three issues challenge the probate court's denial of the temporary injunction, we consolidate them into one.

## I. Valentina's request for temporary injunctive relief was mooted by the probate court's final order dismissing her petition.

To obtain temporary injunctive relief, a party must show (1) a harmful act, (2) imminent, irreparable harm, and (3) no adequate remedy at law. *Kaufmann v. Morales*, 93 S.W.3d 650, 653 (Tex. App.—Houston [14th Dist.] 2002, no pet.). An interlocutory order granting or denying a temporary injunction is normally reviewed on appeal for an abuse of discretion. *James v. Easton*, 368 S.W.3d 799, 805 (Tex. App.—Houston [14th Dist.] 2012, pet. denied). A final judgment renders moot a challenge to a trial court's decision granting or denying temporary injunctive relief. *See Isuani v. Manske–Sheffield Radiology Group, P.A.*, 802 S.W.2d 235, 236 (Tex. 1991).

Valentina argues the probate court abused its discretion in denying her request for a temporary injunction. She contends that a permanent injunction will

---

[1] Our record shows that in November 2014, Valentina filed with the probate court a supplement to her petition seeking to enjoin the sale of the Cabo Blanco residence. Because the probate court had dismissed her injunction suit in June 2014, we do not consider the supplemental petition.

likely be granted because the home qualifies as her homestead under the Texas Estates Code, and that she will suffer imminent and irreparable harm if the court does not enjoin the administrator from selling the home.

The judge's order granting the administrator's motion to dismiss the petition as a baseless cause of action is a final judgment, however, not an order granting or denying Valentina's request for temporary injunctive relief. This final judgment rendered moot any issue on appeal relating to Valentina's request for a temporary injunction. *See Isuani*, 802 S.W.2d at 236; *Jordan v. Landry's Seafood Rest., Inc.*, 89 S.W.3d 737, 741 (Tex. App.—Houston [1st Dist.] 2002, pet. denied); *Lowe v. Farm Credit Bank of Texas*, 2 S.W.3d 293, 300 (Tex. App.—San Antonio 1999, pet. denied). We overrule Valentina's first three issues. We address Valentina's request for permanent injunctive relief in Part II below.

## II. The probate court properly dismissed Valentina's petition and awarded the administrator's attorney's fees because the request for injunctive relief had no basis in law or in fact.

We next consider Valentina's sixth and seventh issues, addressing them together. In her sixth issue, Valentina argues the settlement agreement waiving her homestead rights is revocable. In her seventh issue, Valentina asserts that the probate court erred in dismissing her petition as baseless and awarding the administrator $3,715 in reasonable and necessary attorney's fees.

### A. Standard of review and applicable law

Rule 91a provides that a party may move to dismiss a cause of action on the grounds that it has no basis in law or fact. Tex. R. Civ. P. 91a. A cause of action has no basis in law if the allegations taken as true, together with inferences reasonably drawn from them, do not entitle the claimant to the relief sought. *Id.* A cause of action has no basis in fact if no reasonable person could believe the facts

pleaded. *Id.*

We review de novo whether a cause of action has any basis in law or in fact. *Wooley v. Schaffer*, 447 S.W.3d 71, 75 (Tex. App.–Houston [14th Dist.] 2014, pet. denied). We base our review on the allegations of the live petition and also consider any attachments thereto. *Id.* To determine whether the cause of action has a basis in law and fact, we construe the pleadings liberally in favor of the plaintiff, looking to the pleader's intent and accepting as true the factual allegations in the pleadings. *Id.* We apply the fair-notice pleading standard to determine whether the allegations of the petition are sufficient to allege a cause of action. *Id.*; *see Roark v. Allen*, 633 S.W.2d 804, 810 (Tex. 1982) ("A petition is sufficient if it gives fair and adequate notice of the facts upon which the pleader bases his claim."). Under the rule, the court must award the prevailing party on the motion all costs and reasonable and necessary attorney fees incurred with respect to the challenged cause of action in the trial court. Tex. R. Civ. P. 91a.7.

As noted above, Valentina's petition seeks to enjoin the sale of the Cabo Blanco residence, which she claims as her homestead. A surviving spouse retains the right to use and occupy the homestead so long as he or she elects to do so. Tex. Const. art. XVI, § 52; Tex. Estates Code Ann. § 102.003 (West 2014). This right continues as long as the surviving spouse uses or occupies the property, or until he or she abandons that right. *Moore v. Moore*, 33 S.W. 217, 218 (Tex. 1895); *Copeland v. Tarrant Appraisal Dist.*, 906 S.W.2d 148, 151 (Tex. App.—Fort Worth 1995, writ denied). Homestead rights can be waived. *See Ferguson v. Ferguson*, 111 S.W.3d 589, 598 (Tex. App.—Fort Worth 2003, pet. denied).

**B.  Whether Valentina's petition has a basis in law and fact**

In her petition, Valentina conceded that she signed the settlement agreement and that the agreement granted McCulloch the ability to sell the homestead. Even

6

a liberal construction of the petition demonstrates that Valentina's request to enjoin the sale of her homestead has no basis in law or in fact because the petition acknowledges that she signed an agreement permitting the sale, and it does not ask the court to revoke that agreement. Therefore, a rule of law (waiver) bars Valentina's cause of action to enjoin the sale, and the facts pleaded refute that cause of action. *See, e.g., In re Essex Ins. Co.*, 450 S.W.3d 524, 527 (Tex. 2014) (per curiam) (holding trial court abused discretion in denying Rule 91a motion where cause of action barred by legal rule); *Dailey v. Thorpe*, 445 S.W.3d 785, 789–90 (Tex. App.—Houston [1st Dist.] 2014, no pet.) (holding trial court did not err in granting Rule 91a motion where documents attached to petition disproved factual basis of cause of action). We hold the probate court properly dismissed her petition and awarded the administrator—as the prevailing party on the motion— reasonable and necessary attorney's fees under Texas Rule of Civil Procedure 91a.

Valentina makes two arguments in support of her contention that her petition nevertheless has a basis in law and in fact. Valentina first argues that the settlement agreement is revocable. But making this argument on appeal cannot supply a basis in law or fact because the petition did not ask the probate court to revoke the agreement, and Valentina did not include any allegations or plead any causes of action that would support revocation. Absent allegations of fraud, misrepresentation, or deceit, a party is bound by the terms of the contract she signed, regardless of whether she read it or believed it had different terms. *In re McKinney*, 167 S.W.3d 833, 835 (Tex. 2005). Valentina's petition did not contain any such allegations.

Our dissenting colleague argues that Valentina's statement in her petition that the settlement agreement was "grossly unfair" should be interpreted as a claim that the agreement was unconscionable. But Valentina's petition does not ask the

7

trial court to set aside the settlement agreement on unconscionability grounds.[2] Indeed, the petition does not ask the court for any relief regarding the agreement at all; it attributes Valentina's decision to sign the unfair agreement to "poor advice" from her lawyer and states that she plans to sue the lawyer for malpractice. Valentina certainly knew how to ask the court to set aside the settlement agreement, having previously done so unsuccessfully in the informal-marriage suit. We see no indication in this petition that Valentina intended to renew that unsuccessful request. Though *Wooley* dictates that we construe a petition dismissed under rule 91a liberally, 447 S.W.3d at 75, we may not "use a liberal construction of the petition as a license to read into the petition a claim that it does not contain." *Flowers v. Flowers*, 407 S.W.3d 452, 458 (Tex. App.–Houston [14th Dist.] 2013, no pet.) (holding trial court erred in modifying terms of divorce decree regarding possession where party did not seek that relief).

Valentina next attempts to rely on Lily's homestead rights. Valentina argues that McCulloch was not Lily's guardian ad litem or guardian of the estate when he signed the settlement agreement on Lily's behalf. But it is undisputed that McCulloch was Lily's attorney ad litem at all relevant times, and Valentina's petition does not purport to sue on Lily's behalf. Thus, Valentina may not argue on appeal that she was entitled to an injunction based on a violation of Lily's homestead rights. Accordingly, we overrule her sixth and seventh issues.

### III. Valentina did not plead for the relief requested in her fourth and fifth issues.

In her fourth issue, Valentina asserts that the probate court erred in approving the administrator's inventory that included the Cabo Blanco residence,

---

[2] Nor is it clear that setting aside the settlement agreement in its entirety would be the proper remedy even if the agreement were unconscionable. *See Hoover Slovacek LLP v. Walton*, 206 S.W.3d 557, 565 (Tex. 2006).

which should not have been listed because it qualified for the homestead exemption. In her fifth issue, Valentina argues that the court erred by not setting aside the Cabo Blanco residence as her homestead. We address these issues together.

Given the settlement agreement in which Valentina waived her homestead rights, these complaints do not indicate that Valentina's request for injunctive relief has any basis in law or in fact. In addition, Valentina did not include either of these issues in her petition. *See Cunningham v. Parkdale Bank*, 660 S.W.2d 810, 813 (Tex. 1983) ("[A] party may not be granted relief in the absence of pleadings to support that relief."); *Salomon v. Lesay*, 369 S.W.3d 540, 553 (Tex. App.–Houston [1st Dist.] 2012, no pet.); *see also* Tex. R. Civ. P. 301 ("The judgment of the court shall conform to the pleadings, the nature of the case proved and the verdict, if any, and shall be so framed as to give the party all the relief to which he may be entitled either in law or equity."). Rather, these issues appear to relate to rulings made by the probate court in the case regarding administration of Adel's estate, which were not the subject of Valentina's notice of appeal. We overrule Valentina's fourth and fifth issues.

## CONCLUSION

Having overruled Valentina's issues, we affirm the judgment of the probate court.


/s/     J. Brett Busby
               Justice


Panel consists of Justices Jamison, Busby, and Brown (Jamison, J., dissenting).

9