

NUMBER 13-16-000199-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

DRUDONIA MARLENE SMITH,                                    Appellant,

v.

HARVEY SMITH, AS INDEPENDENT
EXECUTOR OF THE ESTATE OF DAVID LEE SMITH,          Appellee.

On appeal from the County Court at Law No. 3
of Nueces County, Texas.

# MEMORANDUM OPINION

Before Justices Garza, Perkes, and Longoria
Memorandum Opinion Per Curiam

Appellant Drudonia Marlene Smith appeals a temporary injunction order issued in

trial court cause no. 2016-CCV-60346-3. The injunction prohibited her from disposing of

certain funds that once belonged to her late ex-husband before the resolution of a suit

against her by appellee Harvey Smith, the executor of her ex-husband's estate. Appellee has now filed an unopposed motion to dismiss the appeal as moot because the case proceeded to trial and the court has rendered a final judgment.

The mootness doctrine implicates subject matter jurisdiction. *See Trulock v. City of Duncanville*, 277 S.W.3d 920, 923 (Tex. App.—Dallas 2009, no pet.); *City of Shoreacres v. Tex. Comm'n of Envtl. Quality*, 166 S.W.3d 825, 830 (Tex. App.—Austin 2005, no pet.). Under this doctrine, appellate courts are prohibited from deciding a moot controversy. *See Nat'l Collegiate Athletic Ass'n v. Jones*, 1 S.W.3d 83, 86 (Tex. 1999); *City of Farmers Branch v. Ramos*, 235 S.W.3d 462, 469 (Tex. App.—Dallas 2007, no pet.) (noting that a court may only decide issues presenting "a live controversy at the time of the decision"). If a controversy ceases to exist or the parties lack a legally cognizable interest in the outcome at any stage, the case becomes moot. *Allstate Ins. Co. v. Hallman*, 159 S.W.3d 640, 642 (Tex. 2005); *Williams v. Lara*, 52 S.W.3d 171, 184 (Tex. 2001). "[A] suit can become moot at any time, including on appeal, and . . . courts have an obligation to take into account intervening events that may render a lawsuit moot." *Heckman v. Williamson Cnty.*, 369 S.W.3d 137, 166–67 (Tex. 2012). If a proceeding becomes moot, the court must dismiss the proceeding for want of jurisdiction. *See id.*

In the underlying case, the trial court has rendered a final judgment on the merits. A final decision on the merits of a case renders moot an appeal of the trial court's decision to grant or refuse a temporary injunction. *See Isuani v. Manske-Sheffield Radiology Group, P.A.*, 802 S.W.2d 235, 236 (Tex. 1991) ("If, while on the appeal of the granting or denying of the temporary injunction, the trial court renders final judgment, the case on appeal becomes moot."); *In re Estate of Sheshtawy,* 478 S.W.3d 82, 85 (Tex. App.—Houston [14th Dist.] 2015, no pet.). We therefore agree that this appeal has become

2

moot.

We GRANT appellee's motion and dismiss this appeal for want of jurisdiction. *See* TEX. R. APP. P. 42.3(a).

PER CURIAM

Delivered and filed the
6th day of October, 2016.

3