**Opinion filed March 15, 2018**



## In The

# Eleventh Court of Appeals

_____

## No. 11-16-00115-CV

_____

## IN THE ESTATE OF RICHARD E. MATHIS, JR., DECEASED

### On Appeal from the 39th District Court
### Haskell County, Texas
### Trial Court Cause No. 12,103

### O P I N I O N

This is an appeal from a judgment dismissing the claims of Appellant, Michael Mathis, pursuant to Rule 91a. *See* TEX. R. CIV. P. 91a. Appellant brings four issues. Appellees, Richard V. Mathis[1] and Betty Mathis, have filed a cross-appeal in which they challenge the trial court's judgment to the extent that it did not award them attorney's fees. We affirm in part and reverse and remand in part.

This appeal arises from a contested probate proceeding that was resolved by a Mediated Family Settlement Agreement and Mutual Release. The decedent,

---

[1]Unless otherwise noted, all singular references to "Appellee" in this opinion are to Appellee Richard V. Mathis.

Richard E. Mathis, Jr., died on May 15, 2014. Appellee filed an application to probate a will executed by the decedent on November 1, 2012. Jody Jent filed an opposition to Appellee's application to probate the 2012 will.

The parties executing the Mediated Family Settlement Agreement and Mutual Release consisted of Appellee, Jent, and Appellant.[2] They executed the family settlement agreement on October 20, 2015. The parties agreed that the 2012 will would be admitted to probate "without opposition in any form by [Jent] or by [Appellant]." The family settlement agreement also set out an agreed disposition of the decedent's estate. The parties also agreed in the family settlement agreement to release any and all claims and causes of action between them or involving the decedent "from the beginning of time through the date of the execution of this Agreement."

Pursuant to the family settlement agreement, the trial court entered an order on October 20, 2015, admitting the 2012 will to probate. The trial court appointed Appellee as the independent executor of the decedent's estate.

On March 4, 2016, Appellant filed a pro se petition entitled:

**INTERVENER MICHAEL MATHIS'S FIRST ORIGINAL PETITION AGAINST RICHARD V. MATHIS AND BETTY MATHIS FOR CIVIL AND CRIMINAL CONSPIRACY, CONSPIRACY TO DEFRAUD, FRAUD, THEFT, PERJURY, FORGERY, BREACH OF CONTRACT, FILING A FRAUDULENT DOCUMENT TO A GOVERNMENT AGENCY, DECEPTION, THREATS OF MURDER, BREACH OF CONTRACT, FORGERY OF AN INSURANCE BENEFICIARY FORM, FRAUD ON THE COURT AND INTENTIONALLY INFLICTING MENTAL AND PHYSICAL HARM; AND MOTION TO REMOVE RICHARD V. MATHIS AS**

---

[2]The record indicates that Appellee and Jent are siblings and that Appellant is Jent's child. Thus, Appellant is the grandchild of the decedent and the nephew of Appellee. Appellee Betty Mathis is Appellee Richard V. Mathis's wife.

**TEMPORARY ESTATE ADMINISTRATOR AND FOR SANCTIONS.**

Among other things, Appellant asserted that Appellee fraudulently procured the probate of the 2012 will, the same will that was admitted to probate pursuant to the family settlement agreement. Appellant asserted that the 2012 will was invalid "because the creation of the Will was the result of a criminal conspiracy, and became fraud, conspiracy, conspiracy to defraud, perjury, fraud on the Court, Theft, passing a fraudulent document to a Government agency and other unnamed crimes." Appellant also complained about a "final report of the estate dated 22 August 2014" that Appellee had filed. Appellant asserted that Appellee was guilty of numerous crimes, had lied to the courts and in his deposition in 2015, and had taken advantage of the decedent. Appellant also alleged several matters occurring in a guardianship proceeding involving the decedent. Appellant alleged that several other individuals conspired with Appellee in committing these acts. Appellant summarized his complaints as follows:

> Richard V. Mathis manufactured a "James Bond" type scheme with co-conspirators to force a sick and elderly man (suffering from dementia for several years) to show up and be subjected to slick Bankers, thieving Attorneys assisting the ruthless abusive son, Richard V. Mathis and Betty Mathis in the million dollar heist.

Appellees answered Appellant's petition by asserting that his claims had no legal or factual basis because the acts that he alleged occurred prior to the execution of the family settlement agreement. Appellees asserted that all of Appellant's claims were released in the agreement. Appellees also asserted that many of the claims asserted by Appellant were not cognizable as civil causes of action. Appellees asserted that Appellant's claims should be dismissed under Rule 91a.

Four days after Appellees filed their answer and motion to dismiss, Appellant filed a document entitled "Notice to Court to Rescind Settlement Agreement." He

alleged in the notice that Appellee fraudulently obtained the probate of the 2012 will. Appellant declared in the notice that he revoked the family settlement agreement "for cause."

The trial court set all pending matters for a hearing to occur on April 20, 2016. Appellant appeared pro se at the hearing. The trial court advised Appellant at the outset of the hearing that his attempt to unilaterally rescind the family settlement agreement simply by filing a notice to rescind it was invalid. The trial court further advised Appellant that the trial court had entered an order approving the family settlement agreement. The trial court advised the parties that it was going to grant Appellees' motion to dismiss under Rule 91a. However, the trial court declined to award Appellees any attorney's fees. In making this announcement, the trial court warned Appellant that, if he filed future motions, he could be ordered to pay attorney's fees in the future.

Appellant brings four issues on appeal. As stated, the first three issues appear to concern a motion to remove Appellee as independent executor. Appellant contends that he filed a motion seeking this relief on March 30, 2016. We note at the outset that the record does not contain a document that purports to be the motion referred to in his first issue.[3]

Appellant generally contends in his first three issues that the trial court ignored his March 30, 2016 motion to remove the independent executor. He asserts in his first issue that the trial court erred in "not filing" this motion. In presenting this issue, it appears that Appellant is asserting that the trial court erred in stating at the hearing that it would not consider various motions that he had filed because they

---

[3]A supplemental clerk's record has been filed containing a motion that Appellant filed on November 30, 2016, to remove the independent executor. This motion was filed approximately seven months after Appellant filed his notice of appeal and after all briefs were filed in this appeal. The trial court denied this motion on April 13, 2017. Accordingly, the trial court's disposition of the November 30, 2016 motion to remove independent executor is not a matter before us in this appeal.

4

were based on the allegation that the family settlement agreement was not valid. For example, the trial court advised Appellant that it could not appoint him as a temporary administrator of the estate because Appellee had already been named as the executor of the estate. Appellant contends in his second issue that the trial court erred "by claiming that Richard V. Mathis is the executor." Appellant appears to be asserting in his second issue that Appellee's appointment as independent executor was invalid because Appellee allegedly procured the appointment by fraud. Appellant asserts in his third issue that the trial court erred by not hearing his motion to remove Appellee as independent executor at the hearing on April 20, 2016.

Appellant asserts in his fourth issue that the trial court erred in granting Appellees' motion to dismiss. Thus, it appears that Appellant's four issues are related because they all have the same operative fact—that the family settlement agreement precluded Appellant from attempting to remove Appellee as the independent executor or suing Appellees for damages. Accordingly, we focus our analysis on this question by first considering Appellant's fourth issue.

Rule 91a provides that a party may move to dismiss a cause of action on the grounds that it has no basis in law or fact. TEX. R. CIV. P. 91a.1; *In re Estate of Sheshtawy*, 478 S.W.3d 82, 86 (Tex. App.—Houston [14th Dist.] 2015, no pet.). "A cause of action has no basis in law if the allegations, taken as true, together with inferences reasonably drawn from them, do not entitle the claimant to the relief sought." TEX. R. CIV. P. 91a.1. "A cause of action has no basis in fact if no reasonable person could believe the facts pleaded." *Id.*

We review de novo whether a cause of action has any basis in law or fact. *City of Dallas v. Sanchez*, 494 S.W.3d 722, 724 (Tex. 2016) (per curiam) (citing *Wooley v. Schaffer*, 447 S.W.3d 71, 76 (Tex. App.—Houston [14th Dist.] 2014, pet. denied)). We look solely to the pleading and any attachments to determine whether the dismissal standard is satisfied. *Id.*; *see* TEX. R. CIV. P. 91a.6. To determine

whether the cause of action has a basis in law or fact, we construe the pleadings liberally in favor of the plaintiff, look to the pleader's intent, and accept as true the factual allegations in the pleading. *Wooley*, 447 S.W.3d at 76. In doing so, we apply the fair-notice standard of pleading. *Id.*

A Rule 91a motion to dismiss must identify each cause of action being challenged and must state specific reasons why the challenged causes of action have no basis in law or fact. TEX. R. CIV. P. 91a.2. To avoid a ruling on the motion, the nonmovant has the option to nonsuit or amend the challenged causes of action at least three days before the hearing. TEX. R. CIV. P. 91a.5(a). If the nonmovant does not timely nonsuit or amend, however, the trial court must rule on the motion. TEX. R. CIV. P. 91a.5(c). The rule requires the trial court to award costs and attorney's fees to the prevailing party on the motion. TEX. R. CIV. P. 91a.7.

Appellees asserted in their motion to dismiss that all of Appellant's causes of action had no basis in law because they were precluded by the family settlement agreement.[4] Specifically, Appellees asserted that all of the alleged facts and alleged misconduct occurred prior to Appellant's execution of the family settlement agreement. Appellees argued that all of Appellant's claims had no basis in law because they were released in the family settlement agreement. As noted previously, the trial court agreed with Appellees' contentions and granted their motion to dismiss.

We have reviewed Appellant's petition, and we agree that the facts alleged in the petition predate the execution of the family settlement agreement. Accordingly, we must determine if the family settlement agreement precluded Appellant's claims. The Fourteenth Court of Appeals recently addressed a similar situation in *Sheshtawy*.

---

[4]Appellees also asserted that some of the causes of action asserted by Appellant were criminal matters that were not cognizable as civil causes of action.

A wife filed a petition seeking to enjoin the administrator of her deceased husband's estate from selling a house based upon her claim that the house constituted her homestead. *Sheshtawy*, 478 S.W.3d at 83. The administrator filed a motion to dismiss under Rule 91a on the basis that the wife had signed a settlement agreement waiving her homestead rights. *Id.* The court of appeals affirmed the trial court's dismissal of the wife's petition because her claim had no basis in law because her homestead rights were waived by the settlement agreement. *Id.* at 86–87. In reaching this determination, the court of appeals examined the wife's petition, particularly the relief that she requested. *Id.* The wife's petition did not seek to revoke the settlement agreement. *Id.* at 86. Instead, the wife sought to enjoin the sale of the house irrespective of the terms of the settlement agreement. *Id.*

The analysis in *Sheshtawy* is applicable to this appeal. In his petition, Appellant did not seek the revocation of the family settlement agreement. Instead, he sought monetary damages from Appellees. Without a claim asking the trial court to revoke the settlement agreement, Appellant's petition did not have a basis in law. *See id.* Accordingly, the trial court did not err in granting Appellees' motion to dismiss. We overrule Appellant's fourth issue.

Our resolution of Appellant's fourth issue is also dispositive of his first three issues because Appellant's attempts to remove Appellee as the independent executor are also precluded by the family settlement agreement. Appellant's efforts to remove Appellee as the independent executor have no basis in law unless or until Appellant obtained a ruling from the trial court revoking the family settlement agreement. In other words, we agree with the trial court's determination that Appellant could not unilaterally revoke the settlement agreement simply by filing a document declaring that it was revoked. We overrule Appellant's first, second, and third issues.

We next consider Appellees' issue seeking attorney's fees. Ordinarily, we review a trial court's decision to award attorney's fees for an abuse of discretion. *Bocquet v. Herring*, 972 S.W.2d 19, 21 (Tex. 1998). Under the express terms of Rule 91a, however, an award of attorney's fees is mandatory to the prevailing party unless a governmental entity or a public official is involved. TEX. R. CIV. P. 91a.7; *see Weizhong Zheng v. Vacation Network, Inc.*, 468 S.W.3d 180, 187 (Tex. App.— Houston [14th Dist.] 2015, pet. denied) ("Undisputedly, the rule mandates an award of attorney's fees to a prevailing party, and the award is not discretionary."). Accordingly, the trial court erred in not awarding Appellees their reasonable and necessary attorney's fees.

Appellees request that we render judgment on attorney's fees in their favor based on the various amounts listed in their attorney's affidavit that was filed with their motion to dismiss. These amounts included estimates of attorney's fees that would be incurred on appeal. The reasonableness of attorney's fees is ordinarily left to the factfinder, and a reviewing court may not substitute its judgment for the factfinder's judgment. *Smith v. Patrick W.Y. Tam Trust*, 296 S.W.3d 545, 547 (Tex. 2009); *Ragsdale v. Progressive Voters League*, 801 S.W.2d 880, 881 (Tex. 1990) (per curiam). In this instance, the trial court, sitting as the factfinder, did not make an award of attorney's fees. While the trial court expressed an opinion that Appellees' counsel's hourly rate was reasonable, the trial court did not express an opinion regarding the hours listed in the attorney's affidavit.

In order for this court to render a judgment for Appellees' attorney's fees, we would necessarily be required to determine that Appellees established their reasonable and necessary attorney's fees as a matter of law. *See Russell v. Russell*, 478 S.W.3d 36, 47–53 (Tex. App.—Houston [14th Dist.] 2015, no pet.). Generally, the testimony of an interested witness, though not contradicted, does no more than cause a fact issue to be determined by the factfinder. *Ragsdale*, 801 S.W.2d at 882;

8

*Russell*, 478 S.W.3d at 47–53. We conclude that, in the absence of an award of attorney's fees by the trial court, a remand is necessary for the trial court to determine Appellees' reasonable and necessary attorney's fees that are to be recovered under Rule 91a.7. Accordingly, we sustain in part and overrule in part Appellees' cross-issue.

*This Court's Ruling*

We affirm the judgment of the trial court insofar as it dismissed Appellant's claims. However, we reverse the judgment of the trial court with respect to the trial court's non-award of attorney's fees, and we remand this cause to the trial court for a determination of Appellees' attorney's fees consistent with this opinion.

JOHN M. BAILEY
JUSTICE

March 15, 2018

Panel consists of: Willson, J.,
Bailey, J., and Wright, S.C.J.[5]

---

[5]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.