**Opinion filed August 29, 2025**



## In The

# Eleventh Court of Appeals

_____

## No. 11-24-00209-CV

_____

## CAROL JOHNENE MORRIS, Appellant

## V.

## LANE HAYGOOD, Appellee

**On Appeal from the 161st District Court**

**Ector County, Texas**

**Trial Court Cause No. B24030310CV**

## M E M O R A N D U M   O P I N I O N

Pro se Appellant, Carol Johnene Morris, sued her former legal counsel, Appellee Lane Haygood, who had been hired to represent her in postconviction legal matters. In the first paragraph of her live pleading, she asserted claims of "legal malpractice for breach of fiduciary, professional negligence, breach of contract, misrepresentation, and conflict of interest." Appellee moved to dismiss the suit under Rule 91a, arguing Appellant's petition had no basis in law or fact. *See* TEX. R.

CIV. P. 91a.1. Following a hearing on Appellee's motion to dismiss, the trial court dismissed all claims without prejudice.

At the outset, we note that Appellant's brief does not directly address the trial court's order dismissing her case or the application of a Rule 91a dismissal. Appellant raises five disparate issues on appeal: (1) Appellee was ineffective in his past representation of Appellant; (2) Appellant is "actually innocent" of a prior conviction; (3) Appellant's prior sentence was improperly enhanced; (4) an individual not a party to the suit violated her civil rights; and (5) another non-party committed actions "constitut[ing] a 'fundamental-miscarriage-of-justice.'" We affirm.

## I. *Factual and Procedural History*

Appellant filed suit against Appellee on March 14, 2024. In Appellant's amended petition filed April 16, 2024, she set forth the aforementioned causes of action in a single sentence. Appellant did not elaborate on these causes of action; rather, her petition focused entirely on claims of a broad conspiracy and judicial corruption involving persons not named in the lawsuit. Appellant broadly alleged retaliation for filing a federal judicial complaint and claimed she was subsequently "falsely arrested, maliciously prosecuted, wrongfully convicted, illegally sentenced, and wrongfully imprisoned." Appellant stated that the origin of "[t]his dispute" arose from another attorney's "conspiracy with the Defendants [sic]" to deprive her of "substantive due process to her minerals and properties." Appellant devoted several pages of her amended petition to recount her criminal history and past legal proceedings involving unrelated parties. Appellant also described her efforts to contact various state and federal public officials regarding her actual innocence claims.

It is not until thirteen pages into Appellant's amended petition that Appellant first referenced Appellee and sets forth any allegations, albeit brief, related to the

causes of action listed in the first paragraph of her amended petition. Appellant alleged that she retained Appellee to file a writ of habeas corpus on her behalf and that Appellee misspelled her name, listed the incorrect appellate cause number, took her banking information "under the pretext of reimbursing her," failed to return communications after receiving payment, and changed his contact information. Appellant asserts that these actions constituted legal malpractice.

Appellee answered the petition with a general denial, setting forth a plea to the jurisdiction and several affirmative defenses. On August 19, 2024, Appellee filed a Rule 91a motion to dismiss, arguing that Appellant had failed to adequately plead any cause of action.

At the hearing on Appellee's Rule 91a motion, the trial court informed Appellant that her petition failed to allege any cause of action with the requisite specificity. In response, Appellant claimed that she was suing Appellee for "ineffective assistance" of counsel but later clarified it was for legal malpractice. Appellant was unable to show where in her petition she had alleged the required elements of legal malpractice—or where or how any of the claims listed in the first paragraph of her amended petition applied to Appellee. The trial court issued an order dismissing Appellant's claims without prejudice, and this appeal followed.

## II. *Inadequate Briefing*

Most of Appellant's brief discusses matters outside the scope of this appeal. Significantly, the argument section of Appellant's brief contains *but a single* reference to Appellee and the allegations specific to him: "April 16, 2024, Appellant Morris filed her lawsuit: B24030310-CV; Morris v. Haygood in Odessa, Texas, alleging legal malpractice."

The Texas Rules of Appellate Procedure require an appellant to "state concisely all issues or points presented for review" and to make "a clear and concise argument" for each issue raised "with appropriate citations to authorities and to the

3

record." TEX. R. APP. P. 38.1(f), (i). Failure to either cite relevant legal authority or advance arguments for the contentions made in an appellant's substantive analysis waives the issue on appeal. *See Dipprey v. Double Diamond, Inc.*, 637 S.W.3d 784, 801 (Tex. App.—Eastland 2021, no pet.); *Flores v. Benavides*, No. 11-15-00060-CV, 2017 WL 962664, at \*1 (Tex. App.—Eastland Mar. 9, 2017, no pet.) (mem. op.) ("Bare assertions of error, without citations to authority, waive error.").

Even if we generously assume without deciding that Appellant's issues are not waived due to inadequate briefing, for reasons explained below, the trial court did not err in granting Appellee's Rule 91a motion to dismiss. *See generally Bertucci v. Watkins*, 709 S.W.3d 534, 541–42 (Tex. 2025) ("Courts 'should hesitate to resolve cases based on procedural defects and instead endeavor to resolve cases on the merits.'" (quoting *Lion Copolymer Holdings, LLC v. Lion Polymers, LLC*, 614 S.W.3d 729, 732 (Tex. 2020))).

### III. *Standard of Review*

A party may move for dismissal under Rule 91a on the ground that a cause of action has no basis in law or fact. TEX. R. CIV. P. 91a.1; *In re Farmers Tex. Cnty. Mut. Ins. Co.*, 621 S.W.3d 261, 266 (Tex. 2021) (orig. proceeding); *In re Estate of Mathis*, 543 S.W.3d 927, 931 (Tex. App.—Eastland 2018, no pet.). "A cause of action has no basis in law if the allegations, taken as true, together with inferences reasonably drawn from them, do not entitle the claimant to the relief sought." TEX. R. CIV. P. 91a.1. A cause of action has no basis in law under Rule 91a in at least two situations: (1) the plaintiff fails to plead a viable, legally cognizable cause of action, and (2) the plaintiff's own pleadings establish a legal bar to the relief requested. *Stallworth v. Ayers*, 510 S.W.3d 187, 190 (Tex. App.—Houston [1st Dist.] 2016, no pet.). Further, "[a] cause of action has no basis in fact if no reasonable person could believe the facts pleaded." TEX. R. CIV. P. 91a.1.

In ruling on a Rule 91a motion to dismiss, a court "must decide the motion based solely on the pleading of the cause of action, together with any [permitted] pleading exhibits." TEX. R. CIV. P. 91a.6; *City of Dallas v. Sanchez*, 494 S.W.3d 722, 724 (Tex. 2016) (per curiam). We review de novo whether a defendant is entitled to dismissal "because the availability of a remedy under the facts alleged is a question of law and the rule's factual-plausibility standard is akin to a legal-sufficiency review." *City of Dallas*, 494 S.W.3d at 724; *Mathis*, 543 S.W.3d at 931.

Based on these principles, we determine whether Appellant's live pleading alleges a viable, legally cognizable claim against Appellee. As Appellant's brief only challenges the trial court's ruling on her legal malpractice claim, we limit our analysis to this cause of action.

## IV. *Legal Malpractice*

In her stated first issue, Appellant complains that she received ineffective assistance of counsel from Appellee, and these actions "constituted legal malpractice."

To prevail on a legal malpractice claim, a plaintiff must prove: (1) the attorney owed the plaintiff a duty; (2) the attorney breached that duty; (3) the breach proximately caused the plaintiff's injuries; and (4) damages resulted. *F.W. Indus., Inc. v. McKeehan*, 198 S.W.3d 217, 221 (Tex. App.—Eastland 2005, no pet.) (citing *Alexander v. Turtur & Assocs., Inc.*, 146 S.W.3d 113, 117 (Tex. 2004)). Where the plaintiff is a convict suing their former criminal defense counsel, an exoneration or finding of actual innocence is also a predicate to the submission of a legal-malpractice claim. *Gray v. Skelton*, 595 S.W.3d 633, 639 (Tex. 2020); *Lempar v. Ballantyne*, No. 04-22-00621-CV, 2023 WL 8896917, at *2 (Tex. App.—San Antonio Dec. 27, 2023, no pet.) (mem. op.). This is because a plaintiff in a legal malpractice suit must show that the attorney's breach of duty was the proximate

5

cause of their injuries. *See Peeler v. Hughes & Luce*, 909 S.W.2d 494, 497–98 (Tex. 1995).

Citing to the *Peeler* doctrine, Appellee argues, and we agree, Appellant is unable to make a showing of proximate cause as she has never been exonerated or otherwise found innocent of the crimes related to Appellee's representation. *See id.* In *Peeler*, the Texas Supreme Court concluded that a client could not sue her criminal-defense attorney for malpractice so long as she stood convicted of the underlying crime. *Id.*; *see Gray*, 595 S.W.3d at 635 (discussing *Peeler*). The *Peeler* court reasoned that, until the conviction is overturned, "it is the illegal conduct [of the convict,] rather than the negligence of a convict's counsel[,] that is the cause in fact of any injuries flowing from the conviction." *Peeler*, 909 S.W.2d at 498. Accordingly, "plaintiffs who have been convicted of a criminal offense may negate the sole proximate cause bar to their claim for legal malpractice in connection with that conviction only if they have been exonerated on direct appeal, through post-conviction relief, or otherwise." *Id.* at 497–98. We, as well as other intermediate appellate courts, have since applied *Peeler's* exoneration requirements to legal malpractice suits against a criminal convict's habeas corpus counsel. *See, e.g.*, *Lempar*, 2023 WL 8896917, at *2; *Mendenhall v. Clark*, No. 07-11-00213-CV, 2012 WL 512657, at *3 (Tex. App.—Amarillo Feb. 16, 2012, pet. denied) (mem. op.); *Meullion v. Gladden*, No. 14-10-01143-CV, 2011 WL 5926676, at *3–4 (Tex. App.—Houston [14th Dist.] Nov. 29, 2011, no pet.) (mem. op.); *Butler v. Mason*, No. 11-05-00273-CV, 2006 WL 3747181, at *2 (Tex. App.—Eastland Dec. 21, 2006, pet. denied) (mem. op.).

Thus, whether Appellant has been exonerated is a threshold inquiry. *See Peeler*, 909 S.W.2d at 497–98 & n.3. Appellant's own pleadings confirm that she remains convicted. Accordingly, as a matter of law, Appellant cannot prove an element of legal malpractice, and the trial court did not err in granting the Rule 91a

motion to dismiss. *See Mathis*, 543 S.W.3d at 931; *see also, e.g.*, *Wooley v. Schaffer*, 447 S.W.3d 71, 78 (Tex. App.—Houston [14th Dist.] 2014, pet. denied) (affirming the trial court's Rule 91a motion to dismiss following the application of the *Peeler* doctrine on the appellant's legal malpractice claim and concluding that the cause of action had no basis in law or fact); *Butler*, 2006 WL 3747181, at *2 (same). We overrule Appellant's first issue.

## V. *Remaining Issues*

Appellant's second and third issues, relating to "actual innocence," are not cognizable in this appeal. "'[A]ctual innocence' is a 'legal term of art [that] has acquired a technical meaning in the habeas corpus context.'" *In re G.S.*, 644 S.W.3d 160, 164–65 (Tex. 2022) (quoting *In re Lester*, 602 S.W.3d 469, 472 (Tex. 2020) (orig. proceeding)). There are two types of actual innocence claims: (1) "the *Herrera* type, which asserts that a conviction was substantively deficient because new evidence, such as DNA testing, establishes the person's actual innocence"; and (2) "the *Schlup* type, which involves procedural claims that provide a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits." *Id.* (cleaned up). Because this suit against Appellee is neither, we do not reach the merits of Appellant's actual innocence claims.[1] *See generally State ex rel. Abbott v. Young*, 265 S.W.3d 697, 706 (Tex. App.—Austin 2008, pet. denied) (noting that "'[a]ctual innocence' is a term unique to the habeas context").

---

[1]Appellant's brief makes a passing reference to the Tim Cole Act (TCA), formerly known as the Texas Wrongful Imprisonment Act. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 103.001 (West Supp. 2024). To the extent Appellant means to raise an issue under the TCA, we are without authority to review it. *See id.* § 103.051 (West 2019) (setting forth application procedure for filing a TCA claim entitling the wrongfully imprisoned person to compensation and appealing an unfavorable decision); *Lester*, 602 S.W.3d at 472 (providing that the Texas Supreme Court has the exclusive jurisdiction to review a challenge to the Texas Comptroller's denial of compensation under the TCA).

Issues four and five concern allegations against non-party individuals not named as defendants in her lawsuit. Because Appellant's remaining "issues" do not challenge the trial court's ruling and do not affect the final disposition of this appeal, but instead allege various claims that do not properly serve as the basis for a suit against Appellee, we need not address them. *See* TEX. R. APP. P. 47.1, 47.4 (directing that memorandum opinions should be no longer than necessary to advise the parties of the court's decision and the basic reasons for it); *see, e.g., Wells v. Sumruld*, No. 11-23-00281-CV, 2025 WL 714723, at *4 (Tex. App.—Eastland Mar. 6, 2025, no pet.) (mem. op.) ("Because [a]ppellant's remaining 'issues' as presented in his brief do not challenge the trial court's ruling and do not affect the final disposition of this appeal, but instead allege various breaches of pretextual trusts that do not properly serve as the basis for suit against [a]ppellees, we decline to address them.") (footnote omitted).

## VI. *This Court's Ruling*

We affirm the order of the trial court.

W. BRUCE WILLIAMS
JUSTICE

August 29, 2025

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.